RITA WALLER (BASHAM)

*v.*

HARVEY W. WALLER

(NO. 14676)

Decided December 16, 1980.

*William J. Ihlenfeld* for appellant.

*Bailey, Byrum & Vieweg and James A. Byrum* for appellee.

PER CURIAM:

Rita Waller appeals from a Circuit Court of Ohio County final judgment which modified a divorce decree and awarded custody of James Clinton Waller, an infant child, to the appellee, Harvey W. Waller, the former spouse of the appellant.

The appellant and the appellee were divorced in March 1975, and custody of their infant child was awarded to the appellant. Following the divorce both parties remarried. In August 1979, the appellee filed a petition seeking to modify the final divorce decree by awarding him permanent custody of the infant child, and after a hearing on September 11, 1979, the circuit court transferred custody to the appellee with the provision that the matter would be reviewed in one year so the appellant could demonstrate circumstances which would justify restoring her to custody. The appellant's motion to modify the final order was overruled, and a stay of execution was granted pending this appeal.

The trial court correctly regarded the proceeding below as one for a change of custody and applied the correct standard of law which required the appellee to show that the parties' circumstances had changed and that the proposed change in custody would materially benefit the child. *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1978). The question before this Court is whether the evidence supports the trial court's findings of fact upon which it based the conclusion of law that a change in custody to the father would materially benefit the child.

The trial court made the following findings of fact: The child was, at times, in a less than clean condition and not properly dressed. The appellant had experienced marital difficulties with her current husband, and although a pastor who counseled them offered the opinion that some stability had been achieved in the marriage, his opinion was conditioned on the understanding they would continue to seek help. The employment history of the appellant's husband had been irregular. The appellee had a stable marriage, could provide a calm, peaceful and comfortable atmosphere for the child, and was a source of security for the child. The appellant, her husband, and children intended to relocate to Oregon, but had no definite housing and employment arrangements. The proposed move would deprive the child of the security provided by periodic visits with his natural father.

On these findings of fact the court concluded that there had been a definite change of circumstances since the rendition of the initial custody decree, and that the change of custody to the father would materially benefit the child by providing a stable and healthy home environment.

Our review of the record on these issues leads us to conclude that while the evidence is conflicting it does support the trial court's findings. In regard to the issue of the child's cleanliness, the record contains a mass of repetitive and conflicting testimony, some of which clearly supports the trial court's finding. There is also evidence in the record to support the findings that appellant had experienced marital difficulties and that the employment history of appellant's husband was unstable. The trial court's finding that appellant's planned relocation would have the effect of removing the father as a source of security is supported by the evidence, as is the finding that appellant and her husband had no definite employment or housing arrangements in Oregon. Also supported by the evidence is the trial court's finding that the appellee has a stable marriage, can provide a calm, peaceful and comfortable atmosphere, and is a source of security for the child.

On conflicting evidence the trial court was free to resolve the conflicts and base its findings on the evidence it found to be most credible. The evidence does not preponderate against any of the trial court's findings, they are not clearly wrong, and therefore the trial court did not abuse its discretion. It is a long-standing rule of law, adhered to in proceedings involving divorce and child custody, that where, as here, material facts are in dispute, the findings of the trial judge who heard the testimony of the witnesses and observed their demeanor while testifying, is given great weight, and should not ordinarily be disturbed on appeal. As we held in the fourth syllabus point of *Belcher v. Belcher*, 151 W.Va. 274, 151 S.E.2d 635 (1966):

> In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence. Pt. 3,

syllabus, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601(1945).

The trial court applied a correct standard of law, its findings of fact are supported by the evidence and properly support the conclusions of law that there had been a change of circumstances, and that the proposed change of custody would materially benefit the child.

For the foregoing reasons the final judgment of the trial court is affirmed.

*Affirmed.*