MARTHA L. MCALLISTER

*v.*

PHILIP E. MCALLISTER, II

(No. 15027)

Decided March 24, 1981.

---

*Askin & Burke and Steven M. Askin* for appellant.

*Rice, Hannis & Douglas and Richard L. Douglas* for appellee.

PER CURIAM:

In this appeal from the Circuit Court of Jefferson County, the appellant, Martha McAllister, challenges a final judgment which awarded to her ex-husband, Philip E. McAllister, II, the appellee, custody of their two children.

By order entered on January 30, 1980, the appellee was awarded a divorce on the ground of irreconcilable differences. At the time of the divorce the parties' two sons were eight and nine years of age. Hearings on the issue of custody were held on March 3 and June 19, 1980. On July 25, 1980, the court entered an order awarding custody of the two children to the appellee. It is from that order that this appeal is taken.

The appellant contends that certain of the trial court's findings of fact are not supported by the evidence and that the judgment should be reversed for this reason. Our review of the record and the findings of fact clearly indicates that some findings are without evidentiary support and consist of nothing more than conjecture. Other findings are directly contrary to uncontradicted expert testimony. There are, however, findings of fact that are supported by the evidence.

While it is true that findings of a trial court that are clearly wrong or against the preponderance of the evidence may be grounds for reversal, Syl. pt. 4, *Ball v. Ball*, 154 W.Va. 739, 179 S.E.2d 221 (1971), *quoting*, Syl. pt 5, *Lieberman v. Lieberman*, 142 W.Va. 716, 98 S.E.2d 275 (1957), this Court is required to view the entire record to determine if there are valid grounds to sustain the judgment. Even though the trial court may have made

findings that are not supported by the evidence or may have assigned incorrect reasons for its judgment "[t]he question always in the appellate court is, whether the judgment to be reviewed is correct." Syl. pt. 5, *State ex rel. Dandy v. Thompson*, 148 W.Va. 263, 134 S.E.2d 730 (1964), in part.

Our review of this record leads us to conclude that the trial court reached the correct result. There is sufficient evidence to support findings of fact that properly lead to and support the conclusion that the welfare of the children is best served by an award of custody to the appellee. The record shows that the appellee, who is a microbiologist at the Leetown Fisheries Research Center, can offer a good home environment for the children both physically and emotionally. The record also discloses that he has in the past been the sole provider of parental care during periods when the appellant was hospitalized, and that he has established a good relationship with the children. We believe the trial court was not incorrect in awarding custody to the appellee. Because the trial court reached the correct result, it cannot be said that there was an abuse of discretion. "A trial court, by statute, is given discretion as to the adjudication of . . . custody of minor children . . . and its decree in regard thereto will not be disturbed in the absence of a clear abuse of such discretion." Syl. pt. 4, *Witt v. Witt*, 141 W.Va. 43, 87 S.E.2d 524 (1955), in part.

The appellant also contends that, over her objection, the trial court improperly postponed a decision in this case until after the 1980 Amendment to *W.Va. Code*, 48-2-15 became effective.

On February 28, 1980, effective ninety days from passage, the West Virginia Legislature amended *W.Va. Code*, 48-2-15 to read: "In making any such order respecting custody of minor children, there shall be no legal presumption that, as between the natural parents, either the father or the mother should be awarded custody of said children . . .

The appellant contends that following the March 3, 1980 hearing the trial court postponed the further taking of

evidence to a date past the effective date of the amendment and she contends this was done to enable the trial court to apply the 1980 amendment and ensure that the maternal preference would not apply in this case.

The appellant's contention merits no relief for two reasons. First, the trial court declared on the record that the continuance was made to enable the court to interview the children in chambers after the close of their school year so as to avoid any disruption of their attendance. Such an interview was conducted by the court on June 19. Second, even though the decision was rendered following the effective date of the amendment, the trial court's findings indicate that it was not predicated "upon changes in the law."

For the foregoing reasons, we affirm the judgment below.

*Affirmed.*