PATRICIA TAYLOR

*v.*

JOHN TAYLOR

(No. 15355)

Decided December 15, 1981.

*Bogarad & Robertson and Martin J. Gaughan* for appellant.

No appearance for appellee.

PER CURIAM:

This is an appeal by Patricia Taylor from an order of the Circuit Court of Taylor County denying her petition for modification of a divorce decree. In the petition, the appellant had prayed that she be awarded legal custody of her three minor children. The circuit court, without reaching the question of whether the appellant was entitled to legal custody denied the petition on the ground that she did not have clean hands. In the present appeal the appellant claims that the court should have reached the principal question in the case and should have awarded her the custody sought. We agree, and we reverse the decision of the circuit court.

By decree entered February 24, 1977, the Circuit Court of Taylor County granted the appellee, John Taylor, a divorce from the appellant on the ground of adultery. The court also awarded the appellee custody of the couple's three infant children.

Subsequent to the entry of the divorce decree, the appellant obtained actual custody of the children. The appellee tacitly assented to the appellant's actual custody, and, although he allowed his oldest daughter to stay with him for a prolonged period, he made no effort to secure the return of the other two children or to support any of the children while they were in the care of the appellant.

Approximately three years after obtaining actual custody of the children, the appellant petitioned for modification of the divorce decree. In the hearing conducted subsequent to the filing of the petition, the appellant introduced evidence showing that since the divorce she had remarried and established a home. She also showed that she had been the primary caretaker of the three children and that she was able to provide for their financial and emotional needs. Neighbors testified that she had been a good mother.

The evidence regarding the appellee's situation after the divorce showed that his home had become less stable. While his oldest daughter had visited him, he had left her in the care of his sister for prolonged periods. The daughter testified that she preferred to live with her mother rather than the appellee.

At the conclusion of the hearing, the court, without considering what was in the best interest of the children, rejected the appellant's petition on the ground that she had unclean hands in procuring actual custody of the children and that for that reason alone she was not entitled to the relief which she sought.

In Syllabus Point 1 of *Holstein v. Holstein,* 152 W. Va. 119, 160 S.E.2d 177 (1968), a case dealing with the modification of a child custody award, we said:

> "In a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided."

*See,* Syllabus Point 2, *State ex rel. Lipscomb v. Joplin,* 131 W. Va. 302, 47 S.E.2d 221 (1948). We have also held that to justify a change of custody the party seeking the change must show that the parties' circumstances had changed and that the proposed change would materially benefit the child. *Holstein v. Holstein, supra; see, Waller v. Waller,* ____ W. Va. ____, 272 S.E.2d 671 (1980).

In the case before us it is clear from the court's order that the court did not consider the welfare of the infant children in ruling on the appellant's petition. Instead, the court found that the appellant had been guilty of unclean hands. In failing to consider the children's welfare, the trial court committed reversible error.

After carefully examining the record, we believe that the appellant did show that there had been a material change in the circumstances of the parties in that she demonstrated that she had established a stable home while the appellee's home had become less stable. She also showed that for a prolonged period she had actual custody of the children and had provided carefully for their phys-

ical and emotional needs. In view of the evidence we believe that the court should have ruled that a change of legal custody would have materially benefited the children and should have granted the prayer of the appellant's petition.

Accordingly, the judgment of the Circuit Court of Taylor County is reversed, and it is ordered that legal custody of the children involved in this proceeding be vested in the appellant.

*Reversed.*