296 S.E.2d 680

**Gregory Nick MORMANIS**

v.

**Caris Jean MORMANIS.**

No. 15457.

Supreme Court of Appeals of
West Virginia.

May 27, 1982.

Rehearing Denied Sept. 16, 1982.

A. Dana Kahle, Wheeling, for appellee.

William J. Ihlenfled, Wheeling, for appellant.

PER CURIAM:

Caris Jean Mormanis appeals from a final judgment in a divorce proceeding awarding her former husband custody of the infant child of the marriage. Because the trial court's findings of fact are not supported by the evidence, we reverse and remand with directions.

Appellant and her husband were married in early 1978 and later that year she gave birth to a female child. In October, 1980, the husband filed for a divorce alleging, among other things, that appellant had become addicted to the use of marijuana. Following a hearing, an interlocutory decree was entered in November, 1980, awarding appellant custody of the child.

According to the trial court's final memorandum opinion and order, it was established in the interlocutory hearing that appellant had smoked marijuana in the presence of her child. The trial court in granting appellant temporary custody of the infant expressly warned her that evidence that she had again smoked marijuana in the presence of the child would result in a custody award in favor of her husband. Appellant admitted the error of her ways and promised not to smoke marijuana in the child's presence in the future.

At the final hearing in the divorce proceeding, the husband sought to establish that appellant was an unfit parent and that she had broken her promise to the court not to smoke marijuana in the child's presence. The manager of the mobile home park where appellant resided testified he had observed the appellant between 1:00 and 1:30 in the morning two weeks prior to the hearing in a car that stopped near his home. He saw a "cigarette" being passed around in the car and expressed the opinion that the occupants were smoking marijuana.

Appellant denied having smoked any marijuana since the interlocutory hearing and denied that marijuana was being smoked in the car in the presence of her child. The trial court concluded appellant was an unfit parent on the factual ground that she had not heeded the court's warning and had permitted marijuana to be smoked in the presence of the child.

The law governing initial custody determinations was established in *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981). Syllabus points 1, 2, 3 and 6 of *Garska* state:

"1.  *W.Va. Code*, 48-2-15 [1980] provides a sex-neutral standard for custody determinations based on the best interests of the child.

"2.  With reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit.

"3.  The primary caretaker is that natural or adoptive parent who, until the initiation of divorce proceedings, has been primarily responsible for the caring and nurturing of the child.

"6.  In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker."

It is clear in the present case that appellant was the primary caretaker for the infant child at the time the divorce proceeding was commenced. She was,

therefore, legally entitled to custody of the child, absent a proper determination of unfitness, as the law presumes that it is in the best interests of the child to be placed in the custody of the primary caretaker.

The limited issue here, and the only one which we decide, is whether the trial court's factual determination of the fitness issue is supported by the evidence. We conclude the evidence will not support a finding that appellant indulged in or permitted others to indulge in the smoking of marijuana in the presence of the child. The manager of the mobile home park did not see the child in the car at the time he observed the cigarette being passed around. While there is evidence that might warrant a finding that marijuana was being smoked in the car in which the appellant was at one point present, there is absolutely no testimony or evidence that would support an inference that the child was in the car at that time. There is thus no factual predicate for the trial court's conclusion that appellant is an unfit parent.

■ Although the scope of our review is limited by Rule 52(a), R.C.P., "[w]hen the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review." Syl. pt. 3, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975), *quoting*, syl. pt. 8, *Bluefield Supply Co. v. Frankel's Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965).

For the foregoing reasons, the judgment of the Circuit Court of Ohio County is reversed and the case is remanded with directions to award custody of the minor child to the appellant.

Reversed and remanded with directions.