297 S.E.2d 204

**Anna Ruth Browning MARCUM**

v.

**Clyde Ray BROWNING.**

**No. 15492.**

Supreme Court of Appeals of
West Virginia.

May 27, 1982.

W. Bernard Smith, Logan, for appellant.

Thomas E. Esposito, Logan, for appellee.

HARSHBARGER, Justice:

Ms. Marcum sued Mr. Browning for divorce, he answered her complaint but did not appear. She and her counsel presented Judge Naaman Aldredge with an executed

separation and property agreement and an "irreconcilable differences" divorce was granted, the agreement being made part of the final decree. It provided that Ms. Marcum would have custody of Carrie Ann, age two, and Browning would have custody of their older daughter, Crystal, five years old.

More than a year later Ms. Marcum petitioned to get Crystal, alleging that she was coerced by her husband's threats to contest the divorce and take her children out of state, into agreeing that he could have Crystal. Judge Oakley, after a full hearing, refused to modify the order:

> The Court has listened to this testimony for quite a while now. I am not going to grant Mrs. Marcum custody of Crystal Dawn. The reason that I am not is she is the one that filed the suit for divorce. She was represented by a capable attorney, practicing in this Court. This attorney prepared the first agreement giving her custody of both children. The attorney prepared the second agreement splitting [sic] the custody of the children, but providing specific visitation privileges, etcetra [sic]. It is very strange to the Court that this was very shortly after the then Mrs. Browning was caught with Mr. Marcum and very, very shortly thereafter the second contract appeared. She says the affair was not the reason. She says for fear he would take the children out of State was her principal reason, although this Court does not find that she has proven that by a preponderance of the evidence and she says she also had some fear of a contested divorce which was probable.
>
> ... There has been no more showing of unfitness on the party [sic] of either than the other. Mrs. Marcum got caught and it was hard to get him to admit it, but he finally even admitted he was living with his present wife before they were married, but the wife has absolutely not shown anything—or the former wife—anything to the effect that the child is not well taken care of now, the child is not happy now and in fact, there has been some showing to the contrary.
>
> ... I do not feel constrained to change the Order of the other Judge when un-

doubtedly the former Mrs. Browning urged him to accept it. I studied the testimony of the prior transcript, the prior divorce hearing and she presented the Agreement, encouraged the Court to sign it thereby creating the problem; whereas if she had fought it out, then she probably would have prevailed, but she didn't.

The evidence about duress was conflicting and the trial court did not find that she signed the agreement under duress. We cannot say his decision was clearly wrong or against the preponderance of the evidence.

In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence. (Citations omitted.) Syllabus, *Waller v. Waller*, 166 W.Va. 142, 272 S.E.2d 671 (1980).

A trial court, by statute, is given discretion as to the adjudication of ... custody of minor children ... and its decree in regard thereto will not be disturbed in the absence of a clear abuse of such discretion. (Citations omitted.) Syllabus Point 1, *McAllister v. McAllister*, 166 W.Va. 569, 276 S.E.2d 321 (1981).

A party seeking modification of a custody decree must show a change in circumstances and that a custody change would materially promote the child's welfare. *Legg v. Legg*, 169 W.Va. 753, 289 S.E.2d 504 (1982); *Waller v. Waller*, 166 W.Va. 142, 272 S.E.2d 671 (1980); *Cloud v. Cloud*, 161 W.Va. 45, 239 S.E.2d 669 (1977), Syllabus Point 2; *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1968); *Pugh v. Pugh*, 133 W.Va. 501, 56 S.E.2d 901 (1949). There is nothing in this record to indicate that a change would materially benefit Crystal: she is healthy, happy and doing well where she is. The court applied a correct standard of law. *Horton v. Horton*, 164 W.Va. 358, 264 S.E.2d 160 (1980).

Affirmed.