310 S.E.2d 465

**Deanna Joycelyn FIZER**

v.

**James Clinton FIZER.**

No. 15732.

Supreme Court of Appeals of
West Virginia.

Dec. 14, 1983.

Robert K. Means, Huntington, for appellant.

No appearance for appellee.

PER CURIAM:

Deanna Joycelyn Fizer appeals from a final order of the Circuit Court of Cabell County which denied her a divorce decree and alimony and awarded the appellee, James C. Fizer, the decree. We find that the lower court's decision was not supported by the evidence and accordingly, we reverse the order dismissing the appellant's complaint.

The marriage that is the subject of this action was the second marriage between the parties. Their first divorce, which was granted to Mrs. Fizer after seventeen and a half years of marriage, was based on the grounds of cruelty incidental to Mr. Fizer's excessive drinking. After the divorce, the Fizers maintained separate residences. However, they saw each other frequently and Mr. Fizer continued to give his paycheck to his ex-wife so that she could pay their bills.

In August of 1980, five years after their divorce, the couple remarried. In January 1981, Mr. Fizer announced his intention to enter an alcoholic treatment center recom-

mended by his employer. During the time he was at the center Mr. Fizer did not communicate with his wife. He remained at the center for thirty days. Upon his return, he asked his wife to read some material on the family of the alcoholic and to attend Alanon meetings. One week later, he left.

Mrs. Fizer subsequently filed for divorce based on cruel and inhuman treatment and asked that her husband be required to pay attorney fees, court costs and bills and obligations incurred by the parties during their marriage. She also requested that the appellee be compelled to account for stocks, bonds, savings and checking accounts and other personal property. Mr. Fizer counterclaimed, alleging that Mrs. Fizer was guilty of extreme and repeated cruelty forcing him to leave the marital home.

Two hearings were held in connection with these proceedings. Upon their completion, the court entered judgment in favor of the appellee and ordered that the joint property be equally divided. The order was silent as to the bonds, stock and bank accounts. The court noted that Mrs. Fizer was aware of Mr. Fizer's drinking problems and went on to express doubts as to Mr. Fizer's competency to consent to the second marriage. The trial judge concluded "that the marriage itself may have triggered his entry into the last stage of his illness"[1] and held that Mrs. Fizer's behavior during the second marriage constituted cruel and inhuman treatment endangering Mr. Fizer's physical and mental well being.[2]

It is well established that a finding of fact by a trial court will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence. More specifically, this Court has held: "In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence." Syllabus Point 1, *Marcum v. Browning*, 171 W.Va. 5, 297 S.E.2d 204; Syllabus, *Waller v. Waller*, 166 W.Va. 142, 272 S.E.2d 671 (1980); Syllabus Point 4, *Belcher v. Belcher*, 151 W.Va. 274, 151 S.E.2d 635 (1965); Syllabus Point 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945). And, "[w]hen the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review." Syllabus Point 8, *Bluefield Supply Company v. Frankel's Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965). *See also*, Syllabus Point 5, *Mormanis v. Mormanis*, 170 W.Va. 717, 296 S.E.2d 680 (1982); Syllabus, *Rollyson v. Rollyson*, 170 W.Va. 329, 294 S.E.2d 131 (1982).

In the case before us, the trial court's finding that Mr. Fizer was incompetent to enter the second marriage is not only unsupported by the evidence, but irrelevant to the issue before that court. No one presented testimony on the issue of Mr. Fizer's competency to enter a marriage contract. Indeed, the evidence that was presented indicated the opposite. At the time of the marriage Mr. Fizer was working at a responsible job, supervising other employees and making over $32,000 per year. Furthermore, the trial court's conclusion that the second marriage triggered

---

1. The court stated:

   [O]ne would almost have to be blind not to see that he [James Fizer] was a lush, a slob, an incompetent, and an alcoholic. I really have my doubts based upon evidence here, that he was competent to have understood or consented to the marriage.... It appears from the evidence to me that the marriage in itself may have triggered his entry into the last stage of his illness....

   On the basis of that, it just doesn't seem to me that Mr. Fizer has been guilty or has been competent to be guilty of anything as a result of which she [Mrs. Fizer] would be entitled to

a divorce during the second marriage. And therefore I would dismiss her complaint.

2. The court noted that Mrs. Fizer had at one time expressed a belief that Mr. Fizer could never stop drinking, that she had brought up Mr. Fizer's past relationships and that she had gone out drinking with him. Referring to the week Mr. Fizer lived at home after completing the alcoholic treatment program, the court stated that "[a]t a point in time when he was attempting something very very unique and different in his life, it just appeared as though everything she did and said was very destructive."

the last stages of Mr. Fizer's illness is entirely without basis in the record. The trial court based its decision, in part, on acknowledgement that she knew her husband had a drinking problem prior to the second marriage. The lower court's conclusion that such knowledge prevented Mrs. Fizer from seeking a divorce is clearly erroneous. The doctrine of assumption of the risk is a defense not ordinarily contemplated in divorce proceedings.

Mrs. Fizer testified to many instances of cruel and inhuman treatment by her husband.[3] The testimony concerning Mr. Fizer's excessive drinking was corroborated by witnesses for both parties, including Mr. Fizer himself.[4] Even if the appellee's final departure from the family residence was based upon his belief that he could not remain sober if he continued to reside with Deanna Fizer, a week of sobriety did not excuse his past behavior. In addition, Mrs. Fizer's actions during that week did not necessarily constitute cruel and inhuman treatment.[5]

For the foregoing reasons, we reverse the order of the Circuit Court of Cabell County denying the appellant and awarding the appellee a divorce decree, and remand this case for proceedings consistent with this opinion.

Reversed and remanded.

---

**3.** Mrs. Fizer testified that Mr. Fizer frequently drank to excess and on one occasion, while he was intoxicated, he locked her out of the house and threatened her with a meat cleaver. On another occasion, he threatened to kill both her and her son. She also testified that he had refused to talk to her and communicated with her through notes she could not understand. In addition to accusing her of depriving him of the only thing he ever loved, his ex-girlfriend, Mr. Fizer had shown a friend of Mrs. Fizer a poem he had written about his love for that girlfriend causing the appellant embarrassment.

**4.** When asked if there were a lot of things testified to at the hearing that he didn't remember, Fizer replied, "[t]hat is a definite fact." His own

witness, Wally Price, testified that James Fizer would telephone him in the middle of the night and ask Price where he (Fizer) was. Price testified that one of these calls took place while Fizer was at his own home.

**5.** Specifically, the appellee testified that in the week after he returned, Mrs. Fizer attended only one Alcoholics Anonymous meeting and one Alanon meeting; that she expressed a negative reaction to the Alcoholics Anonymous meeting; that she did not remove all alcohol from the home; that she once drank in his presence; that she returned home late from a meeting "a little high;" and that she was guilty of unspecified verbal abuse.