351 S.E.2d 439

**Charles Allen STEWART**

v.

**Thelma Jean STEWART.**

**No. 16994.**

Supreme Court of Appeals of West Virginia.

Dec. 19, 1986.

R. Sue Core, Elkins, for appellant.

Harry A. Smith, III, Elkins, for appellee.

PER CURIAM:

The appellant, Thelma Jean Stewart, appeals from a final order of the Circuit Court of Randolph County which, *inter alia*, awarded her custody of the parties' two infant children and denied her request for child support. For the reasons set forth below, we reverse.

Mr. and Mrs. Stewart were originally married on January 14, 1962. The marriage lasted until December 9, 1977 when a final divorce decree was entered. In that decree the court approved a "Property Settlement and Agreement" entered into by the parties which provided that Mrs. Stewart would receive custody of the couple's three children with reasonable visitation rights afforded Mr. Stewart. The agreement further provided that Mr. Stewart would convey his one-half undivided interest in two parcels of real estate jointly owned by the parties, and that in consideration of that conveyance, the appellant would waive her claim for alimony, make

no claim for child support and agree to assume the unpaid balance on three deeds of trust and a paving lien of record against said real estate, such indebtedness as of August, 1977 being approximately $20,000. The parties stipulated that Mr. Stewart's equity in the real estate conveyed was at least $13,500 which was "considered in lieu of child support."

On January 14, 1982, Mr. and Mrs. Stewart remarried each other. They lived together until May 9, 1984, when Mr. Stewart left the marital home. The parties were granted a divorce on May 31, 1985 on the grounds of irreconcilable differences. In the second divorce proceeding, the appellant was given custody of the two remaining infant children but denied child support by the court because she had accepted the property in lieu of child support in the first divorce proceeding. The court also ruled, *inter alia*, that the appellant was solely responsible for a loan obtained by the parties during the second marriage. The appellant objects to both of the rulings.

*W.Va. Code*, 48–2–15 [1986] expressly empowers a court to make and enter orders and decrees requiring support and maintenance of minor children. *Smith v. Smith*, 134 W.Va. 448, 59 S.E.2d 894 (1950). The statute, by its own terms, contemplates continuing jurisdiction to modify child support orders. In Syllabus Point 6 of *In re Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978), we held that "[c]hild support is always subject to continuing judicial modification," and in *State ex rel. Trembly v. Whiston*, 159 W.Va. 298, 220 S.E.2d 690 (1975), we held that the court's jurisdiction is not abrogated or limited by the existence of child support provisions in a property settlement agreement which has been approved by the court.

> Continuing jurisdiction under W.Va. Code, 48–2–15, as amended, in matters of child custody and support is based on sound public policy. The welfare and interest of minor children must be protected by the courts. They are not independently represented in connection with any property settlement agreement and they are not parties to such an agreement. 159 W.Va. at 302, 220 S.E.2d at 693.

Although there was only one divorce proceeding in *Trembly*, the principles announced in that case are equally applicable here. We find that the court had jurisdiction to make an award of child support after the parties remarried and divorced a second time and that that jurisdiction was not abrogated by the property settlement in the first divorce. The only question before us is whether the court erred in refusing to make an award under the particular circumstances of this case.

The evidence was that the appellant received property in the first divorce in lieu of child support which was worth at least $13,500. She solely supported three children for three years after the first divorce until the oldest child reached eighteen, and supported two children thereafter for the following two years until her remarriage to the appellee. The appellant's gross income at the time of the divorce hearing in 1985 was approximately $660.00 per month; the appellee testified that he had a gross monthly income of $1,600.00, and net monthly earnings of $1,060.00. The appellant's liabilities included: a $6,437.47 loan from her credit union; a $5,335.00 automobile loan; $850.00 to an orthodontist for one of the children's braces; $300.00 school tuition for one of the children; and a $14,714.67 mortgage. Her monthly expenses were $1,133.26. The appellee's liabilities included: two automobile loans, one in the amount of $10,500, and the other the amount unknown. The appellee did not list his monthly expenses on his financial disclosure.

We are of the view that the court abused its discretion in refusing to award child support under the circumstances. Without question, the appellant supported two minor children for five years between the initial divorce and remarriage and one other minor child for two years. It would not be difficult to exhaust $13,500 in this time for the welfare of the children.

*W.Va. Code*, 48–2–16 [1984] enumerates specific factors the court should take into account in making a child support order.

Among those are the length of time the parties were married, the present income of the parties, their income-earning abilities, their education qualifications and age and health, and the cost of educating the minor children and of providing health care to them. Having reviewed the evidence in this case in light of these factors, we conclude that the appellant is entitled to child support for the two minor children of whom she was awarded custody. The court may, of course, take into consideration the fact that the appellant received her former husband's interest in the real estate in the 1977 divorce. *W.Va. Code,* 48–2–16 [1984] lists as one of the factors the court shall consider in determining an amount of child support, "[s]uch other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of ... child support."

 The appellant also contends that the court erred in ruling that a loan obtained jointly by the parties from her credit union was her sole responsibility because it did not benefit the appellee.

*W.Va. Code,* 48–3–22 [1931] makes both husband and wife liable when any article purchased by either goes to the support of the family. The appellant contends that the proceeds of a $7,500.00 loan from the Kroger Company credit union obtained during the second marriage was put into the couple's joint account and used for joint debts. The appellee, on the other hand, testified that he did not know where the money went but that it was not used for home improvements. The court found that the loan benefitted only the appellant and due to the conflicting evidence about the proceeds of the loan, we cannot say the court was clearly wrong. "In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence." *Waller v. Waller,* 166 W.Va. 142, 272 S.E.2d 671, 673 (1980). We note, however, that the court's ruling on this point under its equitable powers does not foreclose the creditor's remedies against the appellee who also signed the loan application.

Accordingly, the judgment of the Circuit Court of Randolph County is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.