395 S.E.2d 551

**Thelma Jean STEWART, Petitioner,**

v.

**Charles Allen STEWART, Respondent.**

**No. 19385.**

Supreme Court of Appeals of
West Virginia.

July 20, 1990.

**308**

R. Sue Core, Elkins, for Thelma Jean Stewart.

Harry A. Smith, III, Elkins, for Charles Allen Stewart.

PER CURIAM:

This case is before us pursuant to an appeal by the petitioner Thelma Jean Stewart. The petitioner asserts that she is aggrieved by a final divorce order entered by the circuit court of Randolph County February 17, 1989, which granted her custody of the minor children, but denied her request for child support. As we found previously in *Stewart v. Stewart*, 177 W.Va. 253, 351 S.E.2d 439 (1986), which was a case involving the same parties, "the court had jurisdiction to make an award of child support after the parties remarried and divorced a second time and that that jurisdiction was not abrogated by the property settlement agreement in the first divorce." *Id.* 177 W.Va. at 254, 351 S.E.2d at 441. We further found that the petitioner was "entitled to child support for the two minor children of whom she was awarded custody." *Id.* Upon appeal of the same issue this time, we find once again that the petitioner is entitled to child support.

The parties to this action were first divorced on December 9, 1977. According to the terms of the "Property Settlement and Agreement" entered into in that divorce, the petitioner was to receive custody of the minor children. The agreement further provided that the respondent would convey his one-half individual interest in two parcels of real estate owned jointly by the parties, and that in consideration of this conveyance, the petitioner would waive her claim for alimony and child support. The amount of respondent's equity in the subject real estate was stipulated as being "at least $13,500.00."

The parties remarried on January 14, 1982, were separated on May 9, 1984, and were granted a second divorce on May 31, 1985. In the second divorce proceeding, the petitioner was granted custody of the two remaining minor children, but was denied child support because of her acceptance of the respondent's equity in real estate she had received in the first divorce in lieu of child support.

Upon an appeal by the petitioner to this final divorce order, we found in *Stewart v. Stewart*, 177 W.Va. 253, 351 S.E.2d 439 (1986) that the court had jurisdiction to award child support and that the court had abused its discretion in refusing to award such support. Taking the view that the equity in the respondent's one-half undivided interest in the subject real estate was $13,500.00, we found that it would not have been difficult for the petitioner to have exhausted $13,500.00 during the five-year period between the initial divorce and remarriage. We did state though, that the court could consider the fact that the petitioner received respondent's equity in the marital real estate in the first divorce.

Upon remand before the family law master, a hearing on the determination of child support was held. In a recommended decision entered on August 27, 1987, the family law master found that the petitioner had been responsible for the sole support of three minor children from December 9, 1977, to October 9, 1980; two minor children from October 9, 1980, to January 9, 1982, and from June 9, 1984 to March 18,

1986; and one minor child from March 18, 1986 to the time of the hearing. With a figure of reasonable child support of $100.00 per child per month, the Family Law Master found that the $13,500.00 the petitioner received in lieu of child support would have been exhausted by December 9, 1985. Therefore, on the basis that the petitioner had two minor children to support from December 9, 1985, to March 18, 1986, respondent would owe $600.00 for that period of time. Furthermore, on the basis that petitioner had one minor child to support from March 18, 1986, to August 11, 1987, with $150.00 per month being reasonable child support, the respondent would owe $2,500.00 for that period. Therefore, the respondent owed an arrearage of $3,150.00, which the family law master found could be paid off in $100.00 monthly payments until discharged. In addition, the family law master also found that the respondent had ongoing support for one minor child at $150.00 per month. Objections were taken to this decision. The petitioner objected to the failure to attach the statutory ten percent interest rate to the judgment, and to the $150.00 figure suggested for child support. The respondent objected to the family law master's refusal to consider evidence brought forth by the respondent at the August 11, 1987 hearing concerning the value of the equity in real estate the respondent conveyed in the first divorce. The evidence was that his interest in the subject real estate had a value of $21,659.44 instead of $13,500.00.

The recommended decision of the family law master was entered on August 27, 1987, but the circuit court did not act upon the family law master's recommendations. On March 11, 1988, the petitioner sent a letter to this Court concerning her attempts to have the Randolph County Circuit Court render a decision concerning her child support. Treating this letter as a petition for a writ of mandamus, a rule was issued against Judge Nuzum, commanding and directing him to show cause why a writ of mandamus should not be awarded against him. Thereafter, the circuit court entered an order on April 5, 1988, recommitting this case to the family law master with instructions that the equity in the real estate respondent conveyed in the first divorce be determined to have a value of $21,659.44, rather than $13,500.00, and that all prior recommended decisions of the family law master which were based on the sum of $13,500.00 be overruled and instead the family law master was to apply the $21,659.44 figure.

Another hearing was held before the family law master on January 26, 1989. At that time, the petitioner's counsel announced that the petitioner was willing to stipulate that if an equity figure of $21,659.44 was applied instead of $13,500.00, that there would presently be no child support "due and owing." In the recommended decision dated February 15, 1989, the family law master therefore found that the respondent's equity in the real estate interest conveyed in the first divorce was $21,659.44 and that based on this amount of equity the respondent's child support was current. The family law master therefore recommended that the petitioner's request for child support be denied. The February 27, 1989 order of Judge Nuzum denying the petitioner's request for additional child support followed, and it is from that order the petitioner appeals once again to this Court.

We find that the court abused its discretion by not granting petitioner's request for child support. As was stated the first time this case was before us:

> Under the provisions of W.Va.Code, 48–2–15, as amended, jurisdiction to provide for the support, maintenance and education of a minor child is not abrogated or limited by the existence of child support provisions in a property settlement agreement which has been "ratified and confirmed" in a divorce decree.

Syl. Pt. 2, *State ex rel. Trembly v. Whiston*, 159 W.Va. 298, 220 S.E.2d 690 (1975). We had previously determined that in this case, "the court had jurisdiction to make an award of child support after the parties remarried and divorced a second time...." 177 W.Va. at 254, 351 S.E.2d at 441. Although we did conclude that the court could take into consideration the fact

**310**

that the petitioner received the respondent's real estate equity in the first divorce, that conclusion was in no way intended to convey to the circuit court the idea that child support could be altogether denied because of that fact. Nor did it permit the respondent essentially to be able to re-litigate the first divorce and the agreement of support made at that time.

We conclude today, as we previously concluded, that the petitioner is entitled to child support. We are at a loss as to how to make this point any clearer. The value of the equity the petitioner received from the respondent in the first divorce is of no meaningful consequence in the present divorce decree. Therefore, the court is to give no consideration to whether the value of such equity was $13,500.00 or $21,659.44. The determination of the amount of child support should be based on the circumstances of the parties and the specific factors enumerated in W.Va.Code 48–2–16 (1984).

We therefore reverse the court's decision denying child support and remand this case with directions to enter an order granting the petitioner's request for child support.

Reversed and remanded.