ANN C. HORTON

v.

JOHN LEE HORTON, JR.

(No. 14558)

Decided March 25, 1980.

*Richard L. Douglas, Rice, Hannis & Douglas,* for appellant.

*Steven M. Askin, Radosh & Askin,* for appellee.

PER CURIAM:

This appeal from a final judgment of the Circuit Court of Berkeley County was docketed on June 21, 1979. A motion for leave to reverse was granted on July 12, 1979, and the matter came on for final argument on November 20, 1979.

The parties to this action were formerly husband and wife. In October 1977 they were divorced by order of the Circuit Court of Berkeley County. The final order affirmed a separation agreement entered into by the parties which awarded custody of the parties' two infant children to the wife, who is the appellee herein.

The wife retained custody until May 16, 1978, when the husband removed the children from her custody. On May 24, 1978, she filed a petition in the Circuit Court seeking to have the husband held in contempt for violating the custody provisions of the final order. The husband filed an answer and a cross-petition seeking to have custody permanently awarded to him. Several months passed without a hearing being held, and except for one twenty-four hour period the husband retained custody. Finally, in January 1979, the wife filed a second petition and a hearing was held.

After hearing evidence, the Circuit Court found the husband was in violation of the court's previous order because of his removal of the children from the wife's custody, and because he was $3,200 in arrears on child support. The husband's cross-petition for a change of custody was denied.

The husband now appeals, contending the Circuit Court committed prejudicial error requiring reversal of the final judgment. We conclude the Circuit Court's judgment should be affirmed.

The appellant contends it was error for the Circuit Court to reject his offers of evidence relating to the behavior of the appellee prior to the parties' divorce.

When the appellee objected to the presentation of this evidence, the trial court sustained her objection. The

husband made no attempt to vouch the record as to what the tendered evidence would have shown.

If a party offers evidence to which an objection is sustained, that party, in order to preserve the rejection of the evidence as error on appeal, must place the rejected evidence on the record or disclose what the evidence would have shown, and the failure to do so prevents an appellate court from reviewing the matter on appeal. Syl. pt. 5, *Delmar Oil Company v. Bartlett*, 62 W.Va. 700, 59 S.E. 634 (1907); *Parkersburg and Marietta Sand Company v. Smith*, 76 W.Va. 246, 85 S.E. 576 (1915). The appellant's failure to make a proper offer of proof prevents this Court from reviewing this assignment of error.

The appellant next contends the Circuit Court erred when it found him to be liable for child support during the time that he had physical custody of the children. He contends that since he had custody of the children and provided their support he should not be held liable for failure to pay child support payments during this period.

It is undisputed that the payments were not made. Nor is it disputed that appellant's gaining and retention of physical custody was done without the consent of the appellee and without the authorization of a court order. In these circumstances, we decline to hold that appellant may escape responsibility for court ordered support payments. To hold otherwise would enable one parent to seize physical custody of minor children from the parent who has been given lawful custody, and thereby assert the right to be relieved of support payments during the time that physical custody was obtained. Such a practice would open the door to the possibility of much abuse, and would encourage the non-custodial parent to act unilaterally to seize children under the pretext that the lawful custodial parent was unfit. Such a ruling would enable a non-custodial parent to in effect obtain a reduction in child support by seizing the children and then arguing he is not liable for support while they were in

his custody. We have held that a Circuit Court lacks the power to cancel or alter accrued installments of child support. *Rakes v. Ferguson*, 147 W.Va. 660, 130 S.E.2d 102 (1963); *W.Va. Code*, 48-2-15. Accordingly, it was not error for the court to require the appellant to make the accrued payments as originally ordered.

The appellant next contends it was error for the trial court to deny his cross-petition for a change of custody. In adjudging as it did that appellant's cross-petition should be denied, it was necessary for the trial court to conclude appellant failed to meet the burden of proving the proposed change would materially promote the welfare of the children. Syl. pt. 2, *Cloud v Cloud* ___ W.Va. ___ , 239 S.E.2d 669 (1977). To deal with this contention we must address two questions. Are the findings of fact on this issue supported by the evidence, and did the trial court abuse its discretion in concluding as a matter of law that a change in custody was not justified?

The record contains the following evidence on this issue. Witnesses for the appellant offered testimony that on several occasions the appellee appeared to have been drinking while with the children. One witness operated a day school attended by the children during the time the appellee had sole custody following the divorce. Based upon her observations during this period she testified that while the children were in the appellee's custody their hygiene, health and behavior were poor, and their attendance irregular. She testified that on two occasions the appellee appeared to have been drinking before she arrived in her car to pick up the children after school. She testified that on one occasion the children were left alone in a parked automobile with the engine running. She also stated, by the way of contrast, that when the children were in the care of the appellant after he had seized them from the appellee, they were better behaved, better dressed and appeared to be better cared for.

The appellee testified to specifically deny all alleged instances of intoxication and denied the incident relat-

ing to the children being left alone in a parked car. She also presented competent psychiatric testimony that she had no problem of alcohol addiction.

The appellant further contends the court should have granted a change of custody based on the situation the appellant testified to finding on the night of May 16, 1978, when he seized custody of the children.

The appellant testified that on that night he was contacted by a co-worker of the appellee. The co-worker testified she told the appellant she had spoken with the appellee on the telephone and was concerned for her condition because her speech was "confused." The appellant, accompanied by a welfare worker and law enforcement officers, entered the appellee's apartment. The appellant and the welfare worker characterized the apartment as being in disarray and the appellee as being "passed out." Appellant took the children and left.

It was the appellee's characterization of these events that she was ill on that night; had taken medication for a cold and to help her sleep, put the children to bed and retired for the night.

None of the foregoing evidence was controlling as a matter of law. Accordingly, the trial court was free to base its findings of fact on the evidence it found most credible. Reviewing the trial court's action in this regard we apply the traditional standard:

> "In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence." Syl. pt. 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945).

Examining the record in light of this standard we cannot say the trial court's findings were against the preponderance of the evidence or clearly wrong, and the record contains evidence clearly supporting the trial court's findings.

The findings of fact are supported by the evidence, and since the trial court applied a correct standard of law, i.e. *Cloud, supra,* its denial of a change of custody was not an abuse of discretion. This Court will not disturb a trial court's decree on the custody of minor children in the absence of a clear abuse or discretion. Syl. pt. 4, *Witt v. Witt,* 141 W.Va. 43, 87 S.E.2d 524 (1955).

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Chief Justice Neely concludes that appellant met his burden of proving a change of custody was justified, and on this point dissents from this opinion and would reverse the trial court.