ELLEN LOUISE LEGG

*v.*

DORRIS LEONARD LEGG, II

(No. 14881)

Decided March 26, 1982.

*Henderson and Redd and William L. Redd* for appellant.

*Robert K. Means* for appellee.

PER CURIAM:

The appellant, Ellen Legg, appeals from a final order of the Circuit Court of Cabell County transferring custody of her infant child to the appellee, Dorris Legg, the child's natural father. The appellant contends here that the trial court applied an incorrect legal standard in changing custody of the infant. We agree.

The parties to this action were formerly husband and wife. They were divorced in 1976 by order of the Circuit Court of Cabell County and the appellant was granted custody of their infant child. In October, 1979, the appellant filed a petition seeking an increase in child support payments. The appellee counterclaimed, alleging that appellant was committing sexual indiscretions that rendered her unfit to retain custody of the child and requesting that he be granted custody. The lower court modified its previous order and granted appellee's request for a change of custody. The appellant contends here that the circuit court erred in not applying the fitness standard when evaluating the request for a change of custody. We agree, but for reasons unrelated to the fitness standard.

In *Garska v. McCoy*, ___ W.Va. ___, 278 S.E.2d 357 (1981), we held that the custody of a very young child should be with the primary caretaker if he or she meets a minimum, objective standard of behavior which qualified him or her as a fit parent. This rule, urged by the appellant as the proper test in this case, applies only to an initial custody award. A different standard of review is used to determine when a change of custody should be made. "To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such action would materially promote the welfare of the child." Syl. pt. 3, *Horton v. Horton*, 164 W.Va. 358, 264 S.E.2d 160 (1980). *See: Cloud v. Cloud*, 161 W.Va. 45, 239 S.E.2d 669 (1977); *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1968); *Pugh v. Pugh*, 133 W.Va. 501, 56 S.E.2d 901 (1949).

The record reveals that the conditions of this test were not met here. The evidence below centered primarily on the fitness of the appellant as a parent. There was no showing that the circumstances of the parties had been altered or that a change of custody would materially promote the welfare of the child. The trial court may have had good and proper reasons that do not appear in the record for ordering the change of custody. The record in this case leaves us with the impression that the child

might be better off with the father, but we note that, in any event, the appellant is entitled to the rule of law that a change in circumstances and material benefit to the child must be shown to warrant a change of custody. Accordingly, the lower court erred.

For the foregoing reasons, we reverse the judgment of the Circuit Court of Cabell County and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*