292 S.E.2d 48 (1982)
J. A. S.
v.
D. A. S.
No. 15500.
Supreme Court of Appeals of West Virginia.
May 28, 1982.
John J. Nesius, Charleston, for appellant.
Leo Catsonis, Charleston, for appellee.
PER CURIAM:
This is an appeal by J.A.S. from an order of the Circuit Court of Kanawha County modifying a prior divorce decree and temporarily transferring custody of her eight-year-old daughter to her former husband, the appellee, D.A.S. The appellant contends that the temporary transfer of custody was contrary to the law and the evidence. We disagree, and we affirm the judgment of the Circuit Court of Kanawha County.
On December 16, 1977, the Circuit Court of Kanawha County, in a divorce proceeding, awarded custody of the parties' infant daughter to the appellant. Subsequent to the divorce the appellant allegedly developed a serious problem with alcohol. The appellee upon learning of the condition, and after hearing that the appellant had attempted to commit suicide, removed his daughter from the appellant's home, without court permission, and took her to his home in Texas. Shortly thereafter he petitioned the Circuit Court of Kanawha County for modification of the divorce decree insofar as it involved custody of the child.
The Circuit Court of Kanawha County conducted a hearing on the matter on January 18, 1982, and at the conclusion of the hearing temporarily transferred custody of the child to D.A.S., the appellee.
At the hearing evidence was introduced showing that over a two-year period the appellant had developed a substantial drinking problem. That problem continued at the time of the hearing in spite of the fact that the appellant had made a valiant effort to overcome it, including submitting to two periods of voluntary hospitalization.
*49 The evidence regarding the effect of the appellant's drinking on her care of her infant daughter was conflicting. Two witnesses, a counsellor and a neighbor, testified that the drinking did not affect her fitness as a parent. On the other hand, appellant's seventeen-year-old son indicated that it had a substantial effect on her fitness. He said that when the appellant was drinking, she would forget to take prescribed medicine and would suffer from epileptic seizures, that she would not get out of bed and that during the drinking bouts his sister would set her own alarm, get up by herself, get ready for school, and leave. He indicated that his sister had been with the appellant when she was arrested for driving while under the influence of alcohol, and he expressed the opinion that because of the drinking his sister would probably be better off with her father.
The appellant's mother stated that she did not believe that the appellant was capable of being a good mother when she was drinking. She said that during drinking episodes in the past the appellant had not cooked, cleaned house, or done laundry. She indicated that the infant child at times had gone to school without a bath and with disheveled hair. She said that at around the time the appellee had picked up the child and taken her to Texas the appellant was drinking almost every day.
The child's school teacher said that she doubted if the child was happy, that she could see signs of stress in her, and she said that she had seen the child embarrassed by her mother's drunken behavior.
During the hearing evidence was also introduced regarding D.A.S., the appellant's ex-husband. That evidence indicated that he had remarried and had established a home in San Antonio, Texas. He was employed, had a good income, and was willing and able to provide for his daughter.
At the conclusion of the hearing the circuit court ordered that custody of the child be temporarily transferred to the appellee. The court also required the appellee to post a $10,000 bond to insure the return of the child to the jurisdiction upon the court's order.
In cases involving change of child custody we have repeatedly recognized that:
"To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change would materially promote the welfare of the child." Syllabus point 2, Cloud v. Cloud, W.Va., 239 S.E.2d 669 (1977).
See Horton v. Horton, W.Va., 264 S.E.2d 160 (1980); Jeffries v. Jeffries, W.Va., 253 S.E.2d 689 (1979); Holstein v. Holstein, 152 W.Va. 119, 160 S.E.2d 177 (1978); Pugh v. Pugh, 133 W.Va. 501, 56 S.E.2d 901 (1949).
In the case before us the trial court found that the child was placed in a position of potential danger on several occasions and was subjected to embarrassment and humiliation because of her mother's drinking problem. The court also concluded that because of her drinking problem the appellant deluded herself into believing that she was providing good care for the child.
After reviewing the record, we conclude that there was substantial evidence supporting the court's conclusions. We also recognize that the trial court heard the witnesses and was in a better position to evaluate their testimony. We have customarily stated, particularly in divorce cases, that:
"The findings of the trial chancellor, based on conflicting evidence, will not be disturbed on appeal unless such findings are clearly wrong or against the preponderance of the evidence." Syllabus point 4, Ball v. Ball, 154 W.Va. 739, 179 S.E.2d 221 (1971); Syllabus point 5, Lieberman v. Lieberman, 142 W.Va. 716, 98 S.E.2d 275 (1957); see, Witt v. Witt, 141 W.Va. 43, 87 S.E.2d 524 (1955).
In view of this rule, we conclude that the trial court's ruling should be affirmed.
We note that the trial court ordered only a temporary transfer in custody. The principal circumstance promoting the change was the deterioration of the appellant's ability to care for and her actual care *50 for the child. The deterioration was caused by the appellant's drinking problem. It would appear the trial court recognized that if the appellant could overcome her drinking problem, it would be possible for her to regain her child. We concur in the trial court's position and commend its action in this regard.
For the reasons stated the judgment of the Circuit Court of Kanawha County is affirmed.
Affirmed.