294 S.E.2d 131

**Barbara Jean ROLLYSON**

v.

**Donald ROLLYSON.**

No. 15474.

Supreme Court of Appeals of West Virginia.

July 1, 1982.

Leo Catsonis, Michael T. Clifford, Charleston, for appellant.

William H. Hazlett, St. Albans, for appellee.

**PER CURIAM:**

This is an appeal from an order of the Circuit Court of Kanawha County entered on November 30, 1981. That order sustained the recommendation of the Special Commissioner in a divorce suit that the appellant, Barbara Jean Rollyson, be denied a divorce under the grounds set forth in her complaint. Mrs. Rollyson's principal assertion on appeal is that the court erred in denying her a divorce on the ground of cruelty. We agree and reverse.

In December of 1980, Mrs. Rollyson filed a petition for divorce on the grounds of cruel and inhuman treatment and irreconcilable differences. In her complaint, she alleged that she and the appellee were married in 1958 and that they had two children, both of whom were over the age of eighteen at the time the divorce proceedings were instituted. The appellee, Donald Rollyson, counterclaimed on the grounds of cruel and inhuman treatment and desertion. In addition he alleged that subsequent to their marriage, the appellant had become addicted to the habitual use of narcotic drugs.

The matter was subsequently referred to a Special Commissioner who after hearing extensive evidence on behalf of both parties found, among other things, that:

> [T]he case made for each of the parties under the charge and countercharge of cruelty is insufficient as to factual circumstances shown that are recognized as acts of misconduct, or lacking as to proper corroboration, to properly sustain and uphold such charge.[1]

---

1. The Commissioner denied a divorce on each of the other grounds asserted. Irreconcilable differences was not admitted by the husband; the desertion charge was not in conformity with

After a thorough review of the record in this case, we conclude that the evidence against the appellee more than satisfies the statutory definition of cruel or inhuman treatment, *W. Va. Code,* 48-2-4(a)(4) [1977]. The Special Commissioner erred in finding that the evidence was insufficient.

Mrs. Rollyson testified that the appellee had struck her physically on several different occasions during their marriage, had on numerous occasions called her a slut and a whore, accused her of slutting around, and threatened her. Specifically, the appellant testified that her husband said on more than one occasion: "If I catch you downtown slutting around they'll be picking you up off the street." She testified that another time he told her that "if he caught me down on the street slutting around with those sluts and whores, that they would be picking me up off the street, dead."

Mrs. Rollyson also testified that on November 12, 1980, her husband made this same threat then obtained a pistol and ammunition from another part of the house and laid it on the stairway. The following day, the appellant attempted to obtain a warrant from the Kanawha County mental hygiene clerk against the appellee for threatening her life. She testified that the next day, November 14, 1980, the appellee again threatened to kill her, and on that day she left the marital domicile.

Mrs. Rollyson's testimony was corroborated in part by the parties' son, Michael Rollyson, who testified that he had heard his father threaten his mother on several occasions and that he had heard the remark: "If I catch you slutting around they will be picking you up off the street." Michael also testified that he had heard the term "slutting around" on other occasions when he was younger and that the arguments between his parents caused his mother to be nervous and made her uncomfortable to live with. He testified in general about the discontent in the Rollyson household.

*W. Va. Code,* 48-2-4(a)(3) [1977]; and the charge that the appellant was addicted to drugs was not

The appellant's mother, Josephine Wiseman, testified that the appellee had told her that he thought the appellant was "a whoring and slutting around." She also testified about the appellant's nervous condition and poor health and about the appellee's conditional threats against the appellant.

The appellee admitted threatening the appellant with bodily harm if he caught her "slutting" or "whoring" around and also admitted that he was very suspicious of her frequent absences from home. He also corroborated Mrs. Wiseman's testimony about his threats against the appellant. The appellee denied ever striking his wife and said that during their argument on November 14 he brought a pistol into the room and laid it on the stairs for cleaning. The appellee testified also about the general disharmony in the marriage throughout the years.

On November 6, 1981, the appellant filed exceptions to the Special Commissioner's report; no exceptions were filed by the appellee who, however, filed a motion for leave to amend his counterclaim. That motion was granted. The circuit court denied the appellant's exceptions and sustained the report and recommendation of the Special Commissioner that no divorce be awarded. The court also denied the appellant's motion for alimony *pendente lite.*

■ We recognize the well established general rule with regard to divorce cases where material facts are in dispute:

> In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of evidence. Syl. pt. 4, *Belcher v. Belcher,* 151 W.Va. 274, 151 S.E.2d 635 (1966), *quoting,* syl. pt. 3, *Taylor v. Taylor,* 128 W.Va. 198, 36 S.E.2d 601 (1945).

However, we are also cognizant of the principle quoted by Justice Caplan in syl. pt. 3 of *Funkhouser v. Funkhouser,* 158 W.Va. 964, 216 S.E.2d 570 (1975):

sustained by the evidence.

 

When the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review. Point 8, Syllabus, *Bluefield Supply Company v. Frankel's Appliances, Inc.,* 149 W.Va. 622 [, 142 S.E.2d 898] (1965).

■ In the case before us, we are of the opinion that the lower court and the Special Commissioner clearly erred in finding that the evidence did not support a divorce on the ground of cruelty. *W.Va.Code,* 48–2–4(a)(4) [1977]. While the statute does not specifically prescribe what acts constitute cruel and inhuman treatment, we have held that such treatment of the wife by the husband as produces a reasonable apprehension in her of personal violence or produces mental anguish, distress and sorrow, and renders cohabitation miserable and is likely to impair the wife's health or mind is cruel and inhuman treatment authorizing a divorce under our statute. Syllabus point 1, *Goff v. Goff,* 60 W.Va. 9, 53 S.E. 769 (1906). Whether cruel and inhuman treatment has been committed depends upon the particular facts of each case. *White v. White,* 106 W.Va. 680, 146 S.E. 720 (1929).

In this case the appellant testified that appellee threatened her several times; that he called her a whore and a slut; and that on one occasion after a threat was made, he got a gun he used for hunting from another part of the house and placed it in close proximity to where the argument was taking place. Her testimony was corroborated in certain material respects by the parties' son, Michael Rollyson. In *Hurley v. Hurley,* 127 W.Va. 744, 34 S.E.2d 465 (1945), we held that where a party relies on several acts of cruelty as grounds for divorce, every act need not be corroborated by a supporting witness. The appellant's testimony was adequately corroborated in this case. Indeed, the appellee did not deny making threats against her and did not deny calling her a whore and a slut. He merely testified that he did not intend to suggest by such name-calling that his wife had been unfaithful.

We think the evidence of the appellee's behavior was adequate to support the granting of a divorce on the ground of cruelty.[2] The circuit court erred in finding to the contrary.

For the foregoing reasons we reverse the judgment of the Circuit Court of Kanawha County and remand for further proceedings.

Reversed and remanded.

---

**2.** In view of the fact that we have concluded that there was sufficient evidence in the record to justify a divorce to the wife on the grounds of cruel and inhuman treatment, we find it unnecessary to reach the appellant's second assignment of error relating to the court's decision allowing the appellee to file an amended counterclaim. The third assignment of error relating to denial of alimony *pendente lite* is waived because it is not argued in appellant's brief.