321 S.E.2d 697 (1984)
S.L.M.
v.
J.M.
No. 16371.
Supreme Court of Appeals of West Virginia.
October 17, 1984.
*698 Richard W. Cardot, Elkins, for appellant.
Stephen G. Jory, Elkins, for appellee.
PER CURIAM:
This case involves a mother's appeal of a change of custody decision rendered by the Circuit Court of Randolph County. The trial court concluded that the mother was no longer fit to retain custody of her four-year-old daughter and transferred custody to the father. The mother contends that for various evidentiary errors committed by the trial court, this change of custody decision should be reversed. We disagree and affirm the trial court.
The parties in this proceeding were married on November 12, 1971. On July 9, 1982, the Circuit Court of Randolph County granted them a divorce on the ground of irreconcilable differences. At the time of the divorce, the parties agreed that the mother should be granted custody of the daughter, who was the only child born during the marriage. The trial court concurred with this custody arrangement and granted the father reasonable visitation rights.
On February 1, 1983, the father moved to modify the divorce decree with regard to alimony and custody. Both parties by this time had been remarried. The father's main allegation as to the custody of the child was that the mother had placed unreasonable restrictions on his exercise of visitation rights in an attempt to disrupt or destroy his relationship with his daughter. Subsequently, the father amended his modification petition and further alleged that his daughter had been subjected to sexual abuse while in the mother's custody.
After a hearing, the trial court found that the mother had at one point endeavored to conceal where she and her daughter lived from the father and failed to communicate with the father in any meaningful way concerning the health, welfare and development of their daughter. The trial court further found that the mother was not mentally and emotionally fit to protect the best interests of her daughter. These findings along with the court's finding that the father and his new wife had a stable marriage and exhibited genuine love for his daughter were the bases for the court's ordering that the custody of the child be given to the father. Temporary custody of the child was given to the father by an order dated September 23, 1983, and was made final in an order dated October 5, 1983.
The mother contends that a transcript of a tape-recorded conversation between the stepmother and the child should not have been admitted into evidence, that the evidence was insufficient to justify a finding of mental and emotional unfitness, and that the trial court failed to give any weight to the testimony of the mother's expert witness.
It is well established in this jurisdiction that the findings of a trial judge in a divorce or child custody case are accorded great weight because the trial judge is in a position to observe the demeanor of the witnesses. In Syllabus Point 3 of Taylor v. Taylor, 128 W.Va. 198, 36 S.E.2d 601 (1945), we held:
"In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence."
See also Syllabus, Rollyson v. Rollyson, W.Va., 294 S.E.2d 131 (1982); Syllabus Point 1, Sandusky v. Sandusky, W.Va., 271 S.E.2d 434 (1981); Syllabus Point 2, St. Clair v. St. Clair, W.Va., 273 S.E.2d 352 (1980); Syllabus, Waller v. Waller, W.Va., 272 S.E.2d 671 (1980); Syllabus Point 4, Horton v. Horton, W.Va., 264 S.E.2d 160 (1980); Syllabus Point 4, Belcher v. Belcher, 151 W.Va. 274, 151 S.E.2d 635 (1966).
We have also held that when a case is tried before a judge in lieu of a jury, the rules relating to the admissibility of evidence do not have to be strictly complied with because it is presumed that the trial judge will consider only that evidence which is properly admissible and relevant. In Syllabus Points 1 and 2 of Arbogast v. *699 Vandevander, 161 W.Va. 731, 245 S.E.2d 620 (1978), we stated:
"1. The need for formal rules of evidence applicable in jury trials diminishes when the judge is the sole trier of fact.
"2. When a judge sits alone his awareness of evidence either by formal admission or as proffered for admission (with the record appropriately vouched) is frequently sufficient since he will consider all evidence offered according to the weight he accords it."
See generally In Re E.H., W.Va., 276 S.E.2d 557, 565 (1981); Syllabus Point 1, Rohrbaugh v. Rohrbaugh, 136 W.Va. 708, 68 S.E.2d 361 (1951), overruled on other grounds, J.B. v. A.B., 161 W.Va. 332, 242 S.E.2d 248 (1978); F. Cleckley, Handbook on Evidence for West Virginia Lawyers 5 (1978).
In light of these principles, we conclude that no reversible error was committed in this case. We can find nothing in the record that convinces us that the trial judge's decision is clearly wrong or against the preponderance of the evidence. The transcript of the tape-recorded conversation, which dealt with the sexual abuse issue, was referred to extensively by both parties throughout the trial without any hearsay objection noted. With regard to the mother's other two objections, we again defer to the trial judge's informed judgment with respect to the mother's mental and emotional fitness and the weight given to the testimony of the mother's expert witness, who was used in an attempt to discredit the transcript.
Ultimately, we conclude that the evidence was sufficient to support the conclusion that the change of custody is in the best interests of the child. In Syllabus Point 3 of Horton v. Horton, W.Va., 264 S.E.2d 160 (1980), we stated:
"To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such action would materially promote the welfare of the child."
See also Syllabus Point 1, Kinney v. Kinney, W.Va., 304 S.E.2d 870 (1983); Syllabus Point 2, Porter v. Porter, W.Va., 298 S.E.2d 130 (1982); J.A.S. v. D.A.S., W.Va., 292 S.E.2d 48 (1982); Syllabus, Legg v. Legg, W.Va., 289 S.E.2d 504 (1982); Syllabus Point 2, Cloud v. Cloud, 161 W.Va. 45, 239 S.E.2d 669 (1977).
Our affirmance of the trial court does not mean that we entirely approve of the method in which this case was handled. Several alternatives might have aided the resolution of this case. The trial judge could have had the child examined by a psychiatrist that he selected, under Rule 35(a) of the Rules of Civil Procedure, who then could have reported his findings relative to the alleged sexual abuse incidents and whether the child was credible as to her recollection. It also would have been appropriate under suitable precautions as to the scope of the questions to have the child testify in camera since she was the only witness to the alleged incidents.
Nevertheless, we affirm the decision of the Circuit Court of Randolph County in changing the custody of the daughter in this case from the mother to the father.
Affirmed.