342 S.E.2d 190

**Yvonne Lee ABRAHAM**

v.

**Charles ABRAHAM.**

**No. 15972.**

Supreme Court of Appeals of West Virginia.

March 25, 1986.

Robert K. Means, Huntington, for appellant.

Lafe C. Chafin, Barrett, Chafin, Lowry & Hampton, Huntington, for appellee.

PER CURIAM:

This is an appeal by Yvonne Lee Abraham from a divorce order entered by the Circuit Court of Cabell County on December 15, 1982. In that order the circuit court awarded the appellant's husband, Charles Abraham, a divorce on the ground of cruelty and refused to award the appellant alimony and various items of personal property. On appeal the appellant contends that the trial court erred in awarding her husband a divorce on the ground of cruelty. She also claims that the court erred in refusing to award her certain personal property and in refusing to make provision for the payment of her month-to-month expenses. After carefully reviewing the record, the Court can find no reversible error, and, accordingly, the judgment of the Circuit Court of Cabell County is affirmed.

In July, 1982, the appellant instituted a divorce proceeding in the Circuit Court of Cabell County. In her complaint she alleged that she and her husband, Charles Abraham, were married on June 20, 1970, in Oak Hill, West Virginia, and that they had one child, a six-year-old son. She also alleged that irreconcilable differences had arisen between her and her husband. She prayed that she be granted a divorce, custody of the infant child, child support, alimony, possession of the couple's house, household furniture, furnishings, and appliances, and that she be awarded possession of two of the couple's four automobiles. She also prayed that the court direct her husband to pay all of the couple's joint obligations, her attorney fees, and the court costs connected with the proceeding.

In response to the appellant's complaint, Charles Abraham filed an answer in which he denied that there were irreconcilable differences between the parties. Additionally he filed a counterclaim in which he alleged that the appellant had been guilty of cruel and inhuman treatment, and he prayed that he be granted a divorce.

After conducting extensive hearings, the Circuit Court of Cabell County, on December 15, 1982, entered the order which gave rise to this appeal. In that order the trial judge found that the appellant had been guilty of cruel and inhuman treatment toward her husband, Charles Abraham, and that Charles Abraham was entitled to a divorce on that ground. The judge, however, awarded the appellant care and custody of the couple's infant child and ordered Charles Abraham to pay the appellant $150.00 per week as child support. Additionally, the court directed Charles Abraham to pay the appellant $400.00 each January and July for clothing for the infant child.

In the December 15, 1982, order the trial judge also made rulings which distributed the couple's property. He first decreed that the parties were entitled to all assets to which they had record title. He then granted the appellant exclusive use and possession of the couple's marital residence and directed that Charles Abraham make all mortgage payments on that residence, and that he pay the taxes, insurance, and the cost of reasonable repairs to the residence. He granted the appellant a 1980 Corvette automobile titled in the name of a medical corporation owned by Charles Abraham and directed Charles Abraham to arrange transfer of the title to that automobile to the appellant. He also directed Charles Abraham to pay certain bills incurred by the appellant prior to September 13, 1982. Lastly, the judge directed that a $12,000.00 income tax refund be divided equally between the parties.

In addition to awarding the appellant the use of the couple's marital residence, the court granted the appellant the use of most of the furniture located in the residence for so long as she lived in the house. Also, the court directed that Charles Abraham pay the appellant's attorney fees.

On appeal the appellant contends that the trial court erred in finding that Charles Abraham was entitled to a divorce on the ground of cruelty. She also contends that the court erred in awarding her the marital residence without providing funds for its upkeep and that the court erred in awarding her husband all the parties' personal property on the ground that she was at fault.

In the course of the hearings in the case, Charles Abraham adduced substantial evidence tending to show that his wife had been guilty of cruel and inhuman treatment. He himself testified that on several occasions the appellant had left the couple's house and refused to tell where she was going. She often did not return until four or five o'clock in the morning. He also testified that a certain young man, Tim Maynard, was at his house at all hours of the night and that he really didn't know what was going on between his wife and Maynard. He indicated that he and the appellant had gotten into a great number of arguments and that, at times, in the course of the arguments, she pursued him. On one occasion, she locked him out of the house.

A neighbor of the parties, Robert C. Jones, testified that he had seen a young man with blondish hair, who matched the description of Tim Maynard, at the parties' home on numerous occasions after 11:00 in the evening. Jack Neal, a Magistrate in Cabell County, testified that he knew Maynard and that on June 30, 1982, at 1:00 or 1:30 A.M. he saw the appellant at a Kroger store writing a check on Charles Abraham's account. Tim Maynard was with her. By chance, Mr. Neal followed the appellant and Mr. Maynard out of the store. He testified that they got into a Corvette and that they eventually went to a motel. Diana Bartrum, a person who knew both the parties, testified that in May, 1982, she had seen the appellant dancing at a restaurant with a gentleman. The appellant introduced the man as her cousin.

Charles Abraham testified that, given all that had happened, he did not feel that he could continue to live with his wife with any degree of safety to his mental or physical well-being, happiness, or welfare.

To contradict Charles Abraham's testimony, the appellant adduced evidence tending to indicate that she was guilty of no wrong doing and tending to show that Charles Abraham had been cruel to her on a number of occasions.

This Court, in a line of decisions, has recognized that the finding of fact of a trial chancellor, based on conflicting evidence, should not be disturbed unless clearly wrong. The rule, as stated in syllabus point 3 of *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945), provides: "In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against a preponderance of the evidence." *See also, S.L.M. v. J.M.*, 174 W.Va. 46, 321 S.E.2d 697 (1984); *Rollyson v. Rollyson*, 170 W.Va. 329, 294 S.E.2d 131 (1982); *Sandusky v. Sandusky*, 166

W.Va. 383, 271 S.E.2d 434 (1981); *St. Clair v. St. Clair*, 166 W.Va. 173, 273 S.E.2d 352 (1980); *Belcher v. Belcher*, 151 W.Va. 274, 151 S.E.2d 635 (1966).

In the case presently before the Court there was substantial evidence that the appellant spent time with a man, or men, other than her husband at differing times of the day or night. A man was seen at her house at late hours when her husband was not present; the appellant was seen turning into a motel with a man after one o'clock a.m.; she was absent from her home until four or five o'clock a.m. and refused to explain to her husband where she had been; she was seen dancing with a man other than her husband. Her husband testified that the appellant's conduct caused him anguish. The Court believes that although this evidence was contradicted and explained by the appellant, it was sufficient to support the trial court's finding of cruel and inhuman treatment. As indicated in syllabus point 3 of *Taylor v. Taylor, supra,* this Court's role is not to make an initial finding of what the evidence establishes, rather it is to determine whether the trial court's finding was clearly wrong or against the preponderance of the evidence.

In addition to claiming that the trial court erred in granting her husband a divorce, the appellant contends that the court erred in refusing to award her certain personal property and in refusing to make provision for the payment of her month-to-month expenses.

The law, as in effect at the time this case was being tried, provided that:[1]

"Code, 48–2–15, confers on a court in a divorce suit power to make any order or decree concerning the estate of the parties, or either of them, as it may deem expedient, only for the purpose of making effectual any order or decree made in the case relating to the maintenance of the parties, or the custody and mainte-

nance of their children." Syllabus point 1, *Simmons v. Simmons*, 171 W.Va. 170, 298 S.E.2d 144 (1982), *quoting,* syllabus point 1, *McKinney v. Kingdon*, 162 W.Va. 319, 251 S.E.2d 216 (1978).

This Court has also recognized that questions relating to the maintenance of the parties or their children are within the sound discretion of the trial court, and its rulings with respect to such matters will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982); *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

In the case presently under consideration, in addition to granting the appellant exclusive possession of the couple's residence, a house worth approximately $275,000.00, the trial court ordered Charles Abraham to make the mortgage payments on that house, mortgage payments on a loan balance which at the time of the hearing approximated $113,000.00, taxes on the house, insurance on the house, and upkeep on the house. The court awarded the appellant possession of most of the personal property located in the house, and made other extensive awards to the appellant. Given the financial arrangements made by the trial court, this Court cannot conclude that that court abused its discretion in not awarding the appellant additional sums for the month-to-month upkeep of the house and in not granting her the additional personal property which she sought.

For the reasons stated, the judgment of the Circuit Court of Cabell County is affirmed.

Affirmed.

---

1. This case was filed prior to May 25, 1983, the date of our decision in *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983), which in certain ways altered the rules relating to the distribution of property. Syllabus point 14 of *LaRue* provided that it applied only to cases filed after the date of the opinion.