# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**M. P.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0691** (Jackson County 19-P-48)

**M. M.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner M.P. ("the biological father") appeals the order of the Circuit Court of Jackson County, entered on August 3, 2021, denying his petition to change the surname of his biological child ("the child").[1] Respondent M.M. ("the legal father"), the former spouse of the child's mother, who for several years believed himself to have fathered the child, opposed the petition.[2] We review this appeal under the guiding principle that "'[a]ny name change involving a minor child may be made only upon clear, cogent, and convincing evidence that the change would significantly advance the best interests of the child.' Syl. Pt. 3, *Lufft v. Lufft*, 188 W.Va. 339, 424 S.E.2d 266 (1992)." Syl. Pt. 4, *In re Jenna A.J.*, 231 W. Va. 159, 744 S.E.2d 269 (2013).[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner appears by counsel G. Wayne Van Bibber. Respondent appears by counsel Erica N. Lord.

[3] The overarching standard of review for this matter is described as follows:

> "'In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997)."

Syl. Pt. 1, *In re Jenna A.J.*, 231 W. Va. 159, 744 S.E.2d 269 (2013).

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

When the child was born, the mother and the legal father were married. They separated nearly two and a half years after the child's birth, and the legal father instituted divorce proceedings in the Family Court of Putnam County. With leave of the family court, the biological father intervened in the divorce proceedings and asked the court to order paternity testing. Test results confirmed his status as the biological father, and the family court entered an order designating him as such. In the same order, the family court designated the legal father by that term. The legal father shares custody with the mother and the biological father.

Soon after the family court entered the final divorce decree severing the marriage of the mother and the legal father, the mother married the biological father and took the biological father's surname. The couple then had additional children, who also took the biological father's surname. When the child was about six years old, the biological father filed, in the Circuit Court of Jackson County, a petition to change the child's surname. The circuit court ultimately denied the petition.

On appeal, the biological father assigns error to four acts of the circuit court. He argues that the circuit court erred in: 1) denying him the opportunity to present evidence in support of his petition; 2) relieving the child's initial guardian ad litem of his appointment and ignoring that guardian's report and recommendation; 3) finding that the legal father is "not at fault" for the circumstances underlying the child's custodial arrangement; and 4) finding that a name change might negatively impact the child's relationship with the legal father. The appendix record on appeal easily demonstrates that it is in the child's best interest to continue with the surname assigned at birth, and we find no merit in the biological father's assignments of error to persuade us otherwise.

We begin with the first assignment of error. Though the circuit court appears to have prematurely terminated the evidentiary hearing, the termination occurred only after the biological father's direct examination of the mother was completed. The biological father broadly asserts that he would have introduced evidence in his favor but fails to specifically identify that evidence. The biological father's failure to vouch the record or to first proffer the omitted evidence to the circuit court precludes any meaningful review of this question. Syl. Pt. 1, *Horton v. Horton*, 164 W. Va. 358, 264 S.E.2d 160 (1980). *See also State v. McClure*, 184 W. Va. 418, 425, 400 S.E.2d 853, 860 (1990). Accordingly, we find no error in this regard.

In the second assignment of error, the biological father argues that the circuit court improvidently replaced the child's guardian ad litem ("the first guardian") and erred in not affording greater weight to the first guardian's report. The circuit court explained that it replaced the first guardian because it became aware of the "ongoing, protracted litigation" in the unrelated divorce proceeding conducted in the Family Court of Putnam County, and that through the family court litigation the child had developed a trusting relationship with the guardian ad litem appointed there ("the family court guardian"). In fact, the family court guardian had met with the child on

several occasions and filed multiple reports by the time he was appointed by the circuit court. The family court guardian filed a report that evidenced significant interaction with the child, as well as a gently probing inquiry about the child's desire for a change of surname. In contrast, the first guardian filed a brief report that appeared to be based largely in his speculative opinion that "it would be difficult for [the child] to explain now or later in life why his last name" differs from that of his siblings and his biological father. We find that the child's existing relationship with the family court guardian established a valid basis for a change of guardians, and we further find that the family court guardian's thorough report provided valuable insight. We, therefore, find no error.[4]

In the third and fourth assignments of error, the biological father takes issue with the circuit court's suggestion that his petition ignored potential damage to the child's relationship with the legal father were a surname change to take effect, and with the circuit court's written remark that the child and the legal father are likely "the only two who are not at fault concerning this difficult situation. . . ." Neither of these comments were findings of fact accorded inappropriate weight by the circuit court, and both indicate the consideration of possibilities only. The circuit court considered the child's best interest, and the biological father failed to present evidence that a change of surname would be in the best interest of the child.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[4] The first guardian reported that during his "private discussion with [the child] and only after significant discussion and following . . . questions about his [siblings'] names, did [the child] seem to indicate that his last name is different than his [siblings]." When quoting the report to this Court, however (and without citation to the appendix record on appeal), petitioner's counsel omitted a meaningful portion of text and effectively conveyed quite a different meaning. Counsel wrote that the first guardian "describes his contact with the child and states, 'he seem to indicate that his last name is different than his [siblings]. (*sic*)' This statement from the child indicates the child's awareness and confusion regarding his last name being different. . . ." We caution counsel to take greater care in the future to ensure that evidence is not inadvertently misrepresented to this Court.

3