DARWIN F. JOHNSON

*v.*

DIANA A. JOHNSON

(No. 13577)

DARWIN F. JOHNSON

*v.*

DIANA A. JOHNSON

(No. 13585)

Decided March 23, 1976.

*Wilson, Frame & Rowe, Clark B. Frame, Richard E. Rowe* for appellant.

*Kenneth E. Kincaid, Paul E. Parker, Jr.,* for appellee.

NEELY, JUSTICE:

These are two consolidated appeals from orders of the Circuit Court of Monongalia County in a divorce proceeding. The primary issues are whether the circuit court acted erroneously in finding the appellant, Darwin Johnson, guilty of contempt and whether he abused his discretion in awarding $5,000 in attorneys' fees.

In November 1974 Darwin and Diana Johnson sued each other for divorce. In December 1974 the circuit court entered an interim order awarding the use of the jointly owned house and the custody of the children to Diana pending final disposition of the divorce proceedings. In February 1975 hearings were held and on February 7, 1975 the circuit court orally ordered that a divorce be granted to Darwin and that he be awarded custody of the children and the use of the house. On February 12, 1975 Diana voluntarily relinquished custody and removed herself from the house pursuant to the court's oral instructions, in spite of the fact that a final written order had not been entered. On February 19, 1975 the court entered a final written order consistent with his earlier oral ruling, and in addition allowed a ninety-day stay to Diana for the purpose of prosecuting an appeal to this Court. Darwin did not return the house nor the children to Diana, and she had a rule issued for Darwin to show cause why he should not be held in contempt. Diana alleged that the court's ninety-day stay revived the interim order of December 30, 1974 awarding her the house and children.

Diana also alleged that Darwin was in contempt because he had not paid, pursuant to the final order of February 19, 1975, attorneys' fees of $1,100 to Kenneth E. Kincaid of Morgantown and $1,100 to Paul E. Parker, Jr. of Fairmont for their services in the case. On March 7, 1975 Darwin was found in contempt, and the same

order finding him in contempt allowed each of the two attorneys mentioned above $600 in addition to the earlier fee of $1,100 for the prosecution of the appeal in the case. The $600 award further defined the earlier language in the February 19th order which had allowed "reasonable" attorneys' fees. Darwin appealed his conviction of contempt to this Court; this Court docketed the appeal and awarded a supersedeas in the matter.

After the award of our supersedeas in the contempt action, Diana made a new motion on April 7, 1975 for an order giving her exclusive use of the residence, support and maintenance, an additional ninety-day stay, and attorneys' fees for the appeal in the contempt case. On April 16th the Court heard the motion and ordered Darwin to vacate the house, return custody of the children, provide support and maintenance to Diana, and to pay $800 to each of Diana's attorneys for representing her in the appeal to this Court of the contempt case. Darwin appealed that order; this Court docketed the appeal, granted another supersedeas, and consolidated both cases for disposition.

I

We hold that the circuit court's order of February 19, 1975 allowing the ninety-day stay for prosecution of the appeal did nothing more than hold matters in *status quo* pending appeal and did not revive the December 30, 1974 interim order. Darwin did not attempt a formal execution on the court's oral order of February 7th, and it appears to this Court that Diana relinquished the house and the children voluntarily, or, in any case, without consulting her counsel. Darwin had possession of the house and the children at the time the circuit court entered its stay order; if Diana wanted the house and the children returned, she was required to make a specific motion for that relief. Later, on April 7th, she proceeded properly when she formally moved the court to change the custody in her favor, and the court had it within his sound discretion to make such a change. However, under the facts of this case, we find that the cir-

cuit court abused his discretion in awarding Diana the children and the house after she had voluntarily relinquished them. The circuit court's findings of fact with regard to Diana's fault in the marriage and in subsequent behavior toward the children in the final February 19th order militated against putting the children to the burden of yet one more change of custody, although the court could have permitted Diana to keep the house and children pending appeal had she not voluntarily relinquished them.

## II

The Court finds that the award of $1,100 to each of two attorneys representing Diana in the original action and of $600 to each of the two attorneys for representing her on appeal to this Court is not unreasonable. In arriving at this conclusion we look at a total fee of $3,400, rather than at the question of whether two attorneys should have been permitted to represent Diana. In this case the record demonstrates that Darwin is a lawyer practicing at the bar in Monongalia County, and the argument is well taken that Diana needed at least one out-of-town counsel to represent her interests. In general, one attorney is adequate for a normal contested divorce proceeding involving substantial property; however, in this case the Court finds the overall fee of $3,400 reasonable and does not reach the issue of whether there should or should not be two attorneys.

The circuit court abused his discretion in allowing an $800 fee to each attorney for the purpose of defending the contempt appeal. The contempt citation was wholly frivolous and the product of Diana's attorneys. Darwin was completely justified in defending himself against that type of arbitrary proceeding, and consequently, it was abusive to penalize Darwin for vindicating his legitimate rights. The sum of $1,600 is itself excessive for defending an appeal from a simple contempt. In choosing to use a contempt action rather than a proper motion, Diana and her attorneys abused the legal process

and her fees in perpetuating such abuse should not be borne by the innocent victim.

For the foregoing reasons the judgments of the Circuit Court of Monongalia County are reversed and the cases are remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*