304 S.E.2d 870

**Margaret Anne KINNEY**

v.

**Michael James KINNEY.**

No. 15725.

Supreme Court of Appeals of
West Virginia.

July 6, 1983.

Frederick L. Delp, Wood, Grimm & Delp, Huntington, for appellant.

Arthur T. Ciccarello, Lewis, Ciccarello, Masinter & Friedberg, Charleston, for appellee.

PER CURIAM:

This is an appeal by Margaret Anne Kinney from two final orders entered by the Circuit Court of Cabell County in connection with a divorce proceeding. Mrs. Kinney contends that the circuit court erred in two respects in the original divorce decree, i.e., distribution of the property and failure to award alimony.[1] She also appeals from the court's subsequent order in a custody transfer proceeding. For the reasons set forth below, we reverse.

The appellant and Dr. Michael James Kinney were married in 1973. The marriage produced two children, Jean and Michael. On December 29, 1981, a divorce was granted to Mrs. Kinney based on irreconcilable differences. The trial court found that there was no fault on the part of either of the parties, and on this basis, ruled that no alimony would be awarded. The divorce order awarded custody of the parties' two infant children to the appellant under the primary caretaker rule, *see Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), and provided that the attorney fees which had been incurred were to be borne equally by the parties. The trial court declared a resulting trust in favor of Dr. Kinney in the marital assets titled in the appellant's name.

In March 1982, Dr. Kinney filed a petition seeking a change of custody alleging that the appellant, who since the final divorce order had moved to New York, was not able to care for the children and had assaulted him and refused him visitation and communication with the children. An April hearing date on the petition was set but the appellant, upon the advice of her New York counsel, did not appear. At the conclusion of the hearing the trial court awarded custody to Dr. Kinney but set an additional hearing date in June to give the appellant an opportunity to appear and defend against the petition. Following the June hearing at which the appellant did appear, by order dated August 24, 1982, the court changed the custody of the children from the appellant to Dr. Kinney. It is from this change of custody order and the final divorce order that the appellant appeals.

I.

Mrs. Kinney asserts that the court erred in transferring custody of the two infant children. We agree. The correct legal standard of review for determining when a change of custody should be made was recently stated by this Court in *Legg v. Legg*, 169 W.Va. 753, 289 S.E.2d 504 (1982): " 'To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such action would materially promote the wel-

---

1. Appellant also assigns as error: (1) the failure of the trial court to make separate findings of fact and conclusions of law; and (2) the court's refusal to strike the testimony of Dr. John Livingston at the original divorce hearing. These assignments are both sufficiently without merit not to be fairly raised.

fare of the child.' Syl. pt. 3, *Horton v. Horton*, 164 W.Va. 358, 264 S.E.2d 160 (1980)." [2]

The record of the change of custody proceeding reveals that the evidence adduced centered primarily on the fitness of the appellant and the appellee to have custody of the children and on the appellant's alleged refusal to allow the appellee to exercise his visitation and communication rights with the children. Just as it was in the original divorce proceeding, the evidence at the custody hearing was conflicting. There was, however, no evidence that the circumstances of the parties had altered or that the change would materially promote the welfare of the children.[3]

Under the circumstances of this case, we conclude that the court erred in transferring custody of Jean and Michael Kinney, the infant children, to the appellee. In the original divorce decree the trial judge stated that he was not entirely comfortable with his decision to award custody to the appellant. He apparently used the modification proceeding to correct what he thought was a previous erroneous decision. However, because the "changed circumstances, material benefit" test applies, and because the record does not indicate that this test was met, the case is reversed and custody is ordered restored to the appellant.

## II.

The appellant's next assignment of error is that the court erred in declaring a resulting trust in favor of Dr. Kinney on certain assets titled solely in the appellant's name. Those assets consisted of two parcels of real estate in New Jersey, a 1958 Rolls Royce Silver Cloud, a 1978 Oldsmobile station wagon and a 1976 Mercury Monarch.

Syllabus point 4 of *Patterson v. Patterson*, 167 W.Va. 1, 277 S.E.2d 709 (1981) provides:

"Before a trial court may properly impress a constructive trust on property titled in the name of one spouse for the benefit of the other, the spouse seeking the trust must by a preponderance of the evidence: (1) overcome the presumption that there was a gift between the parties, and (2) show that he or she is otherwise entitled to the declaration of a constructive trust. Entitlement to a constructive trust requires: (a) a showing that the party transferred to his or her spouse money, property, or services which were actually used to procure property titled in the other spouse's name only; (b) that the transfer was induced by (i) fraud, (ii) duress, (iii) undue influence, (iv) mistake, (v) breach of implicit fiduciary duty, or (vi) that in light of the dissolution of the marriage the other spouse would be unjustly enriched by the transfer."

As we pointed out in footnote 6 of *Patterson*, "the principal operative factor distinguishing a resulting trust from a constructive trust is the presence of fraud, duress, mistake, undue influence, breach of fiduciary duty or other equitable circumstances in the constructive trust situation. Resulting trusts are impressed only when there has been an explicit fiduciary relationship from the beginning." 167 W.Va. at 10–11, 277 S.E.2d at 715. While a constructive trust arises without regard to the transferor's intent, "a resulting trust arises in favor of the person who transferred the property or caused it to be transferred under circumstances raising an inference that he intended to transfer to the other a bare legal title and not to give him the beneficial interest." 5 *Scott on Trusts* § 404.2.

---

**2.** *See also: Cloud v. Cloud*, 161 W.Va. 45, 239 S.E.2d 669 (1977); *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1968); *Pugh v. Pugh*, 133 W.Va. 501, 56 S.E.2d 901 (1949).

**3.** Dr. Kinney, his present wife, Carol, and their housekeeper testified that the children's personal hygiene was poor when they were with their mother. However, even if believed by the

court, this fact did not constitute grounds for changing custody.

The appellee's brief relies extensively on the appellant's mental condition in arguing that he should be allowed to retain custody of the children. At the hearing held on April 5, 1982, however, Dr. Kinney testified that he had not noticed any change in the appellant's condition since the final divorce order was entered.

Applying these principles to the facts of the case before us, we cannot conclude that the trial court erred in declaring a trust in favor of Dr. Kinney. The record reveals that the appellant testified that the automobiles were gifts made to her by Dr. Kinney, and that she supplied the down payment for one parcel of land in New Jersey while her parents gave her the money for the second parcel. Dr. Kinney, on the other hand, testified that he believed he had furnished the money for the property in New Jersey and that he had placed the land and automobiles in his wife's name for three reasons: (1) he thought he would never get a divorce; (2) to pay less estate and gift tax when he died since he was much older than his wife and would probably predecease her; and (3) to maintain his assets as free as possible from medical malpractice liability.

■ In view of this conflicting evidence, we think the circuit court, as the sole trier of fact, was entitled to resolve the conflict in favor of Dr. Kinney and to find that the appellant would be unjustly enriched if she were allowed to keep sole ownership of the property involved and that Dr. Kinney did not intend for her to have the sole beneficial interest in the assets when he gave her the legal title.[4]

### III.

In her appeal of the original divorce decree, appellant assigns error in the trial court's finding that she was not entitled to alimony because there was no fault on the part of Dr. Kinney. The syllabus of *Haynes v. Haynes*, 164 W.Va. 426, 264 S.E.2d 474 (1980) provides:

"*W. Va. Code*, 48–2–4(a)(10) [1977] which provides for a consensual divorce based on irreconcilable differences allows the court to make a 'just and equitable' award with regard to alimony, and since divorce on this ground is consensual, it is not necessary to find fault or inequitable conduct on the part of the spouse to be charged with an alimony award, although consideration may be given by the trial court to fault or inequitable conduct as one of many factors to be considered in determining what is 'just and equitable.' "

A trial court derives its authority to award alimony in general from *W. Va. Code*, 48–2–15 [1980]. *Code*, 48–2–4(a)(10) [1981] specifically allows the court to make a "just and equitable" alimony award when a divorce is granted on the ground of irreconcilable differences. In *Haynes, supra*, we interpreted this section:

"Under the irreconcilable differences ground for divorce, we find that the Legislature intended to eliminate fault as an absolute condition precedent to an alimony award. The object of the award pursuant to the legislative mandate is to put the parties in a 'just and equitable' position, and where economic and other circumstances dictate that alimony is necessary for a 'just and equitable' settlement, alimony can be awarded against a blameless party." 164 W.Va. at 430, 264 S.E.2d at 476.

■ Thus, it is clear that the trial court was not required to find fault on the part of Dr. Kinney in order to award alimony to the appellant. The court erred in so holding. Having decided that fault was a prerequisite to an award of alimony against Dr. Kinney, and having found none, the circuit court made no findings of fact pertaining to the financial factors which must be taken into consideration in making an alimony award. *See W. Va. Code*, 48–2–16 [1969]. Therefore, we remand this action to the trial court to determine an appropriate alimony award according to *Code*, 48–2–16 [1969].

### IV.

Finally, the appellant claims that the circuit court abused its discretion in setting the amount of attorney fees to be awarded to her in the custody transfer proceeding. In the final divorce decree the court ordered that the proceeds from the sale of

---

**4.** The appellant did not argue under the "equitable distribution" theory that we addressed in *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983). *LaRue* is inapplicable to this case by virtue of syllabus points 13 and 14.

the real estate in New Jersey be divided between the parties, subject to the payment of attorney fees which the court ruled were to be borne equally by the parties.

Following the change of custody proceedings, the court awarded attorney fees of $1,000 to the appellant for legal services rendered on her behalf from the time of the April 5, 1982 hearing through the hearing on June 28, 1982. The award came after counsel for the appellant informed the court that he had expended 52 hours of his time in representing the appellant.

This Court has consistently held that the amount of attorney fees awarded to a party in a divorce proceeding is a matter within the discretion of the trial court. *See Hopkins v. Yarbrough,* 168 W.Va. 480, 284 S.E.2d 907, 912 (1981); *Sandusky v. Sandusky,* 166 W.Va. 383, 271 S.E.2d 434, 438 (1981); *Johnson v. Johnson,* 159 W.Va. 434, 223 S.E.2d 195, 197 (1976); syl. pt. 3, *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959).

■ We cannot say in this case that a grant of $1,000 to appellant for attorney fees was a clear abuse of discretion. Apparently, appellant's counsel spent a majority of his time reading the transcripts from the original divorce action since he did not represent her during that stage of the proceedings and was not familiar with the facts of the case. The record indicates that counsel spent few in-court hours defending the change of custody petition. The appellee should not be penalized by the withdrawal from the case of the appellant's original attorney who could have represented her with much less effort than her present counsel. Under the circumstances, we find no abuse of discretion on the part of the trial court in making the $1,000 award.

For the foregoing reasons the judgments of the Circuit Court of Cabell County are reversed and the cases are remanded for further proceedings consistent with this opinion.

Reversed and remanded.