# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Christina M. Vogt,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0676** (Berkeley County 19-C-94)

**American Arbitration Association,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christina M. Vogt, self-represented litigant, appeals the June 22, 2019, order of the Circuit Court of Berkeley County dismissing her civil action and the circuit court's August 6, 2019, order awarding Respondent American Arbitration Association ("AAA") its attorney's fees and costs in the amount of $15,516.36, plus post-judgment interest at 5.5% per year. The AAA, by counsel Charles F. Printz, Jr. and William L. Burner, filed a response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

As a condition of her employment,[1] petitioner agreed to the arbitration provisions set forth in her former employer's, Macy's, June 1, 2014, Early Dispute Resolution Rules and Procedures ("arbitration agreement").[2] The arbitration agreement provided that arbitration proceedings

---

[1]The record does not reflect the date that petitioner was hired by Macy's.

[2]Petitioner concedes that she had the opportunity to opt out of the arbitration agreement, but elected not to do so. The arbitration agreement provided, in pertinent part, that it applied to all employees hired by Macy's "with a first day of employment on or after June 1, 2014," but that (continued . . .)

1

between Macy's and its employees would be "decided by [an arbitrator] from the [AAA]" and pursuant to AAA rules.

On January 12, 2017, petitioner made a demand for arbitration, alleging that hostile behavior by other Macy's employees "resulted in [her] constructive discharge in July of 2016." Throughout the arbitration proceedings, petitioner was unhappy with both the AAA and the arbitrator. For example, petitioner questioned whether the first arbitrator assigned to her case was biased against her.[3] Following the first arbitrator's recusal, a second arbitrator was selected to hear the case.

During discovery in the arbitration proceedings, petitioner felt that Macy's improperly withheld pertinent information and that the second arbitrator unfairly denied her motions to compel discovery. Petitioner further felt that the AAA's case management team was "unprofessional," which caused petitioner to contact the assistant to the AAA's president, a contact that violated the AAA's rules. Shortly before the final arbitration hearing, petitioner filed a complaint against the second arbitrator with the Disciplinary Board of the Supreme Court of Pennsylvania, and the arbitrator recused himself. Following the second arbitrator's recusal, in August of 2018, the AAA closed petitioner's arbitration case without reaching a decision due to petitioner's conduct toward the arbitrator.

On March 1, 2019, petitioner filed a civil action against the AAA in the Circuit Court of Berkeley County. By order entered on March 4, 2019, the circuit court directed petitioner to file an amended complaint in compliance with Rule 10(b) of the West Virginia Rules of Civil Procedure.[4] Petitioner filed an amended complaint on March 20, 2019.

On April 15, 2019, the AAA filed a motion to dismiss the amended complaint given the immunity provided to the AAA by the Revised Uniform Arbitration Act ("the Act"), West Virginia

---

"[e]mployees are given the option of excluding themselves from [a]rbitration by completing an election form within thirty days of hire." The arbitration agreement further stated that "[w]hether an employee choose[s] to remain covered by arbitration or to exclude himself or herself has no negative effect on the employee's employment."

[3]We note that pursuant to the arbitration agreement, "[Macy's] and the [e]mployee shall participate equally in the selection of an [a]bitrator to decide the arbitration."

[4]Rule 10(b) of the West Virginia Rules of Civil Procedure provides:

> **Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Code §§ 55-10-1 through 55-10-33, and further argued the Act required that the AAA be awarded its attorney's fees and costs incurred in the underlying action. On May 21, 2019, petitioner filed a response and a motion for leave to file a second amended complaint. In the second amended complaint, petitioner alleged the following causes of action: "[(1)] False Advertising: Breach of Contract[;] [(2)] Nonperformance: Breach of Contract[;] [(3)] Reconciling the differences in West Virginia State Law[;] and . . . [(4)] Equitable Relief." Petitioner further alleged that during the arbitration case, "illegal and unfair practices [were] committed by . . . the [AAA] [and] its [a]rbitrator[.]"[5] On June 3, 2019, the AAA filed a reply to petitioner's response to its motion to dismiss and a response to petitioner's motion for leave to file a second amended complaint. On June 18, 2019, the circuit court held a hearing on the AAA's motion to dismiss and petitioner's motion for leave to file a second amended complaint.

By order entered on June 22, 2019, the circuit court granted the AAA's motion to dismiss petitioner's civil action and denied petitioner's motion for leave to file the second amended complaint. The circuit court found that allowing petitioner the opportunity to file the second amended complaint would be futile because, despite the labels petitioner gave to her purported causes of action, all of her alleged claims stemmed from her belief that she had been unfairly treated in the arbitration proceedings. The circuit court further found that the Act provided the AAA with absolute immunity regarding the administration of the arbitration proceedings and required that the AAA be awarded its attorney's fees and costs associated with the underlying action. Accordingly, the circuit court directed the AAA to file a motion within thirty days of the entry of its order requesting a specific amount of attorney's fees and costs along with documentation to support that amount and directed petitioner to file any response to the AAA's motion within fifteen days of the service of the motion.

On July 19, 2019, the AAA filed a motion requesting $15,516.36 in attorney's fees and costs. In support of its motion, the AAA submitted a spreadsheet itemizing its attorney's fees and costs and a sworn affidavit from its lead attorney verifying the amounts. Petitioner filed no response to this motion. By order entered on August 6, 2019, the circuit court awarded the AAA its attorney's fees and costs in the amount of $15,516.36, plus post-judgment interest at 5.5% per year.

It is from both the June 22, 2019, order dismissing the civil action and the August 6, 2019, order awarding attorney's fees and costs that petitioner now appeals. On appeal, petitioner argues that the circuit court erred in dismissing her amended complaint, that the circuit court erred in denying her motion for leave to file a second amended complaint, and lastly, that the circuit court erred in granting the AAA's motion for attorney's fees and costs.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 1, *Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 700 S.E.2d 183 (2010) (quoting Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)). The standard for reviewing a denial of a motion for leave to amend is deferential:

---

[5]Petitioner also included allegations against Macy's in her second amended complaint, but never made Macy's a defendant in the instant action. According to the AAA, petitioner filed a separate civil action against Macy's, Berkeley County Case No. 19-C-101.

"A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syllabus point 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W. Va. 222, 161 S.E.2d 250 (1968).

Syl. Pt. 4, *Bowyer v. Wyckoff*, 238 W. Va. 446, 796 S.E.2d 233 (2017).

West Virginia Code § 55-10-16(a) provides that "[a]n arbitrator or an arbitration organization acting in that capacity is immune from civil liability to the same extent as a judge of a court of this state acting in a judicial capacity." In West Virginia, judicial immunity is "absolute . . . [and] applies (1) to all judicial act[s]; unless (2) those acts fall clearly outside the judge's subject matter jurisdiction." Syl. Pt. 4, *Roush v. Hey*, 197 W. Va. 207, 475 S.E.2d 299 (1996).

Petitioner contends that contrary to the Legislature's public policy declaration set forth in West Virginia Code § 55-10-2(1), the AAA's actions in the underlying arbitration proceedings conclusively establish that arbitration is not "a more efficient and cost-effective alternative to court litigation." Accordingly, petitioner argues that to the extent that the AAA holds itself out as providing such an alternative, it has engaged in false advertising. Petitioner further argues that given the gap between the AAA's alleged promises and the outcomes in actual arbitration cases, this Court should "reconcile" the public policy declaration set forth in West Virginia Code § 55-10-2(1) and the grant of immunity afforded to arbitration organizations by West Virginia Code § 55-10-16(a). The AAA counters that the circuit court properly granted its motion to dismiss the civil action and denied petitioner's motion for leave to file her second amended complaint. We agree with the AAA.

"[W]here an amended pleading would be subject to a motion to dismiss on other grounds, such as immunity, it should be denied as futile." *Pyles v. Mason County Fair, Inc.*, 239 W. Va. 882, 888 n.14, 806 S.E.2d 806, 812 (2017). As we explained in *Hutchison v. City of Huntington*, 198 W. Va. 139, 147-48, 479 S.E.2d 649, 657-58 (1996), "claims of immunities, where ripe for disposition, should be summarily decided before trial," and "[t]he very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." *Id.* at 148, 479 S.E.2d at 658. (Footnote omitted).

Here, the circuit court found that allowing petitioner to file her proposed second amended complaint would be futile because, regardless of the labels petitioner gave to her causes of action, all of her claims (in the complaint, the amended complaint, and the second amended complaint) stemmed from her belief that she had been unfairly treated in the arbitration proceedings. As petitioner alleged in the second amended complaint, "illegal and unfair practices [were] committed by . . . the [AAA] [and] its [a]rbitrator." Given that the AAA was administering petitioner's arbitration proceedings, we find that the AAA was acting within its jurisdiction as an arbitration organization. Therefore, in accordance with West Virginia Code § 55-10-16(a), we further find that the AAA was absolutely immune from petitioner's civil action. Accordingly, we conclude that

the circuit court's dismissal of the civil action and denial of the motion for leave to file the second amended complaint were proper.[6]

In reviewing a decision by the circuit court with regard to an award of attorney's fees and costs, we review for an abuse of discretion:

> This Court has indicated previously that in reviewing the ruling of a trial court with respect to costs and attorney fees in cases such as the one now before this Court, the standard is whether such ruling by the trial court constitutes an abuse of discretion. *Sandusky v. Sandusky*, [166] W. Va. [383, 388], 271 S.E.2d 434, 438 (1981); *Johnson v. Johnson*, 159 W. Va. 434, [437-38,] 223 S.E.2d 195, 197 (1976); Syl. pt. 3, [in part,] *Bond v. Bond*, 144 W. Va. 478, 109 S.E.2d 16 (1959).

*Hopkins v. Yarbrough*, 168 W. Va. 480, 489, 284 S.E.2d 907, 912 (1981).

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 2, *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015) (quoting Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)). In Syllabus Point 1 of *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982), we held that "[i]t is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."

Relevant here, West Virginia Code § 55-10-16(e) requires that a circuit court grant an arbitration organization's motion for fees and costs:

> If a person commences a civil action against an arbitrator, arbitration organization or representative of an arbitration organization arising from the services of the arbitrator, organization or representative . . ., and the court decides that the

---

[6]At the end of the June 18, 2019, hearing, petitioner requested a continuance, stating that she had a meeting scheduled with an attorney who might represent her in this matter. The AAA objected to the request, stating that petitioner had attempted to retain legal representation as far back as the arbitration case without success. It is well established that "[t]he granting of a continuance is a matter within the sound discretion of the trial court[.]" Syl. Pt. 1, *State v. Dunn*, 237 W. Va. 155, 786 S.E.2d 174 (2016) (Internal quotations and citations omitted.); Syl. Pt. 1, *Levy v. Scottish Union & National Ins. Co.*, 58 W. Va. 546, 52 S.E. 449 (1905) (holding that rulings as to whether to grant a continuance will not be reviewed except in cases where "it clearly appears that such discretion has been abused"). Here, the circuit court inquired whether petitioner was meeting with an attorney licensed by the State of West Virginia, who could file an electronic notice of appearance. Petitioner answered in the affirmative. Accordingly, the circuit court ruled that if an attorney appeared on petitioner's behalf after the hearing, the court would "take such action as would be appropriate . . . given [the appearance of] a new attorney in the case." Notwithstanding the circuit court's ruling, no counsel noticed an appearance on behalf of petitioner. Therefore, we find that the circuit court's denial of the request for a continuance did not constitute an abuse of discretion.

arbitrator, arbitration organization or representative of an arbitration organization is immune from civil liability . . ., *the court shall* award to the arbitrator, organization or representative reasonable attorneys' fees and other reasonable expenses of litigation.

(Emphasis added).

In finding that West Virginia Code § 55-10-16(e) required that attorney's fees and costs be awarded when a civil action is dismissed due to arbitral immunity, the circuit court referenced the Legislature's use of the word "shall" and the mandatory connotation that it is usually afforded. Based upon West Virginia Code § 55-10-16(e), we concur with the circuit court's finding that an award of attorney's fees and costs was required here.

We further note that the circuit court did not make an award of attorney's fees and costs until the AAA filed a motion requesting a specific amount of attorney's fees and costs along with supporting documentation. In its August 6, 2019, order, the circuit court granted the AAA's request for $15,516.36 in attorney's fees and costs with consideration of the factors set forth in Syllabus Point 4 of *Aetna Casualty & Surety Company v. Pitrolo*, 176 W. Va. 190, 342 S.E.2d 156 (1986).[7] Therefore, we conclude that the circuit court's award of $15,516.36 in attorney's fees and costs to the AAA is not erroneous.

For the foregoing reasons, we affirm the circuit court's June 22, 2019, order dismissing petitioner's civil action and its August 6, 2019, order awarding the AAA its attorney's fees and costs in the amount of $15,516.36, plus post-judgment interest at 5.5% per year.

Affirmed.

**ISSUED:** June 25, 2020

---

[7]In Syllabus Point 4 of *Pitrolo*, we held:

Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 191-92, 342 S.E.2d at 157.

6

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison